MISSOURI, K. & T. RY. CO. OF TEXAS v. HENDERSON.

(Court of Civil Appeals of Texas. Dallas. June 1, 1912. Rehearing Denied June 22, 1912.)

1. DEATH (§ 104*)—ACTION — DAMAGES—INSTRUCTIONS.

The instruction, in an action by a widow for death of her unmarried son, that the measure of damages is the present value of the pecuniary contributions she had a reasonable expectation he would have made to her, had he lived, does not authorize recovery for contributions he might have made other than for her sole benefit.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 142–148; Dec. Dig. § 104.*]

2. DEATH (§ 104*)—ACTION—DAMAGES — INSTRUCTIONS.

The instruction stating the measure of damages for death of plaintiff's son as the present value of the pecuniary contributions she had a reasonable expectation he would have made to her, had he lived, by stating that the jury will not allow her anything for grief or sorrow on account of his death, or for loss of his society,

affection, and companionship, excludes all improper elements of damage.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 142–148; Dec. Dig. § 104.*]

3. DEATH (§ 99*)—DAMAGES — EXCESSIVE RECOVERY.

A verdict of $10,000 in an action by a widow of 43 for death of her unmarried son of 22, strong, healthy, sober, and industrious, who, as extra locomotive fireman, was earning over $40 a month, the larger part of which he devoted to her support, and who was in line for promotion to a regular fireman, whose average earnings are $90 a month, is not excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by Mattie E. Henderson against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff. Defendant appeals. Affirmed.

Alex. S. Coke and A. H. McKnight, both of Dallas, and Head, Smith, Hare & Head, of Sherman, for appellant. Wolfe, Maxey, Wood & Haven, of Sherman, for appellee.

TALBOT, J. The following statement of the nature and result of the suit is taken from appellant's brief:

On May 31, 1911, appellee, Mattie E. Henderson, as administratrix of the estate of R. E. Henderson, deceased, and as mother and sole beneficiary, filed this suit in the Fifteenth district court of Grayson county, Tex., against appellant, the Missouri, Kansas & Texas Railway Company of Texas, for damages on account of the death of R. E. Henderson, alleged to have occurred at Greenville, in Hunt county, Tex., on December 25, 1910, while the said R. E. Henderson was in the employ of appellant as locomotive fireman. She alleged that the death of deceased was caused by the negligence of appellant; that deceased was a young man, unmarried, 22 years old; that he had no children; that appellee was a widow, and that appellee and deceased, at the time of his death, were living together and keeping house; that deceased lived with appellee, and supported her, and contributed all his earnings for the maintenance and support of appellee, and would have continued to do so throughout the remainder of his life, and alleged her damages to be $35,000. Appellant answered by general denial and pleaded assumed risk and contributory negligence. On June 16, 1911, the case was tried before a jury, and resulted in a verdict and judgment in favor of appellee in the sum of $13,500. Appellant presented a motion for new trial, and, among other things, objected to the verdict and judgment on the ground that same was excessive in amount. Thereafter, and before the motion for new trial was disposed of, plaintiff in the trial court made a remittance of $3,500, and after said remittance was made the motion for new trial was by the court,

on July 11, 1911, overruled, and judgment entered against appellant for $10,000. In due time appellant assigned errors and perfected its appeal, and brings the cause to this court for review.

[1, 2] There are but two assignments of error urged in this court. The first complains of the court's charge on the measure of damages, which is as follows: "If under the foregoing instructions you find that plaintiff, Mattie E. Henderson, is entitled to recover, the measure of damages is such sum as represents the present worth or value of the pecuniary contributions, if any, that you find and believe from the evidence said plaintiff had a reasonable expectation that the said Robert E. Henderson would have made to her, had he lived; but you will not allow said plaintiff, if you find for her, anything for any grief or sorrow on account of the death of said Robert E. Henderson, or for the loss of his society, affection, and companionship." The propositions contended for under this assignment are: (1) That "so much of the charge as instructs the measure of damages to be 'such sum as represents the present worth or value of pecuniary contributions, if any, that you find and believe from the evidence said plaintiff had a reasonable expectation that the said Robert E. Henderson would have made to her, had he lived,' is erroneous in this: That it should have been limited to contributions contemplated in the event deceased had not been killed in the accident. It eliminates from the consideration of the jury the fact that deceased, even if he had not been killed in the accident, might have met an untimely death in some other way, for which appellant was not responsible." (2) "Said charge, in directing the jury to find such a sum as represents the present worth or value of contemplated pecuniary contributions, is erroneous in prescribing a mathematical rule to the jury, which, under the facts of this case, probably resulted in injury." (3) "The charge given is erroneous, in that it authorizes the jury to give to appellee the present worth or value of the contemplated pecuniary contributions. Under the facts of this case such charge is erroneous, because it authorizes the jury to value the money given to the appellee by the deceased, regardless of whether the money was given for her sole benefit or not." (4) "Said charge is erroneous in excluding from the consideration of the jury, in estimating appellee's damage, grief and sorrow on account of the death of deceased, and loss of society, affection, and companionship, and not going further and eliminating other matters, which the jury may have considered, but which they could not have properly considered in arriving at their verdict."

We are of opinion that neither of these propositions should be sustained. The charge, we believe, conforms in all essential

particulars to charges on the measure of damages which have been repeatedly held to be sufficient by our appellate courts, and is substantially correct. The charge restricts the damage to the present value of the pecuniary contributions which the appellee had a reasonable expectation of receiving had the deceased lived, and we are unable to see how it could be construed as authorizing contributions other than for the sole benefit of the appellee. If there was any matter or improper element of damage which the jury might have considered in arriving at the amount of their verdict that was not excluded by the charge, it has not been pointed out by appellant, and we know of none. The charge under consideration is not subject to the objection urged and sustained in the case of Railway Co. v. McVey, 99 Tex. 28, 87 S. W. 328. Unlike the charge held to be defective in that case, it not only excludes the allowance of anything for grief or sorrow on account of the death of Robert E. Henderson, but also compensation for the loss of his "society, affection, and companionship."

[3] The second assignment asserts that the verdict is excessive. As has been seen, the verdict was for $13,500, which was reduced by a remittitur of $3,500, and judgment entered for plaintiff for $10,000. We do not think we would be warranted in holding this amount excessive. Numerous cases might be cited in which as large or even larger verdicts on testimony no stronger in support thereof than the testimony in this case were upheld by our appellate courts. The plaintiff was a widow 43 years of age at the time of her son's death. The deceased was a strong, healthy young man, 22 years old and unmarried, when killed. He had recently been promoted by the railway company, and was sober and industrious, and had been earning more than $40 per month as an extra locomotive fireman for the appellant. He and his mother lived together in a rented house, and he gave her the money to pay the rent. She says he spent very little on himself, but devoted the larger part of his earnings to her support, which constituted practically her only means of support. Albert Taylor, a locomotive fireman of the appellant, testified: "I run south out of Denison on freight trains. Firemen in the same department are paid uniform wages of $3.20 per 100 miles. One hundred miles is regarded as a day's work. If you go over that distance, you get additional pay. The average wages of a locomotive fireman in the employment of the Missouri, Kansas & Texas Railway Company of Texas for the year round is about $90 per month. An extra man gets the same wages as a regular man when he goes out. As to how much he makes depends on how many miles he goes. As business increases, the extra men are promoted to regular men. The

first man up is first promoted out of the extra men. The services of a fireman are reasonably worth $90 a mounth." To the same effect is the testimony of C. Tracy, another locomotive fireman of the appellant.

We think the judgment is supported by the evidence, and that it should be affirmed. It is therefore accordingly so ordered.