**SCHAFF v. LYON.    (No. 2738.)**

(Court of Civil Appeals of Texas. Texarkana. May 4, 1923. Rehearing Denied May 17, 1923.)

1. **Costs** &⚍109(5)—**Administrator held not required to give security for costs.**

In a suit by an administrator in his fiduciary capacity for damages for death of his son killed in a train wreck while engaged in interstate commerce, as provided under U. S. Comp. St. § 8657, such administrator, under Rev. St. art. 2054 *held* exempt from giving security for costs, section 2054 applying, though deceased left no estate other than the cause of action, and the administrator was the sole beneficiary, it not being necessary that the personal representative bringing such suit be a beneficiary.

2. **Pleading** &⚍237(5)—**Objection to permitting plaintiff to file trial amendment after introduction of evidence by defendant held properly overruled in absence of showing of injury.**

Where in an action against a railroad under U. S. Comp. St. § 8657, by an administra-

tor for death of his son injured while employed in interstate commerce, defendant's witness testified as to a defective unsafe rail, objection to permitting plaintiff to file a trial amendment alleging the defective rail as the cause of the wreck *held* properly overruled in absence of showing of injury to defendant resulting from such amendment.

3. **Master and servant** &⚍278(7)—**Finding of negligence in maintaining defective railroad track sustained.**

In an action under U. S. Comp. St. § 8657, for the death of a fireman killed in a train wreck caused by a derailment, evidence *held* sufficient to support finding of negligence in maintaining a defective track as the proximate cause of the derailment.

4. **Death** &⚍99(5)—**Verdict for $16,000 held excessive and reduced to $10,000.**

In an administrator's action under U. S. Comp. St. § 8657, for damages for suffering of deceased, and for pecuniary damages sustained by plaintiff as father, general verdict for $16,000 *held* excessive and reduced to $10,000; it appearing that deceased died within a few hours after the accident and was relieved by narcotics, and that his father, 52 years old, was able to support himself.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by E. W. Lyon against C. E. Schaff, receiver. Judgment for plaintiff, and defendant appeals. Affirmed on condition remittitur is filed; otherwise reversed and remanded.

Chas. C. Huff, of Dallas, and McMahon & Dohoney, of Greenville, for appellant.

H. L. Carpenter, of Greenville, for appellee.

HODGES, J. Dale Lyon, 20 years of age, while in the employ of the plaintiff in error as a fireman, was killed on September 17, 1920, in a train wreck on the Shreveport Division of the Missouri, Kansas & Texas Railroad. The wreck was caused by the derailment of the freight train on which Lyon was employed. The deceased was unmarried and was survived by his father, E. W. Lyon, and a sister then 17 years of age. E. W. Lyon qualified as administrator of the estate of Dale Lyon and brought this suit for damages under the act of Congress relating to injuries resulting in death of an employee of a railroad company engaged in interstate commerce (U. S. Comp. St. §§ 8657–8665). It was alleged by the plaintiff and admitted by the defendant that the engine upon which the deceased was working in the capacity of fireman was engaged in interstate commerce at the time the wreck occurred. The plaintiff alleged negligence in several respects; among others, that defendant had permitted the roadbed and track to become defective. At the conclusion of the testimony the plaintiff

filed a trial amendment alleging that the wreck was caused by a defective rail. The case was submitted to the jury on a general charge, and a verdict returned in favor of the plaintiff assessing his damages at $16,-000.

[1] The first question presented in this appeal is based upon the refusal of the court to dismiss the suit because of the failure of the plaintiff below to give security for costs. A motion asking that he be required to give such security had been filed and overruled. This suit was brought under the act of Congress which authorized a recovery of damages by an injured employee or by his personal representative. See section 8657, U. S. Comp. Stat. 1916. A suit of this character can be maintained only by a personal representative of the deceased and in a fiduciary capacity. Article 2054 of the Revised Civil Statutes of Texas exempts administrators who sue in their fiduciary capacity from the requirement to give security for costs. Plaintiff in error contends that this provision of the statute should not apply in a case of this kind, where the deceased left no estate other than the cause of action, and when the administrator is the sole beneficiary of the recovery. The personal representative who brings a suit of this kind need not be a beneficiary. If some third party who is not interested should qualify as administrator and sue, clearly he would come within the provisions of our .statute, which exempts administrators from the requirement to give security for costs. The rule should not be different where the interested party himself qualifies and brings suit in his fiduciary capacity. The court properly disposed of that issue.

[2, 3] It is claimed that the evidence does not support a finding of negligence on the part of the receiver as the proximate cause of the derailment of the locomotive on which the deceased was employed. There was testimony tending to show the presence of rotten ties in the roadbed at the point where the derailment occurred. It was further shown that there was a defect in one of the rails, which probably caused the wreck. One of the defendant's witnesses testified that in going over the ground after the wreck occurred he discovered a piece broken out of the outside of the rails; the wreck having occurred at a curve in the track. It appeared that this rail broke where that defect was found, and the wheel left the track at that point. The appearance of the rail indicated ·that the piece had been broken out for some time. The size of the piece broken measured between three and four inches long and extended into what was called the "web" of the rail. The witness further testified that this kind of a break rendered the rail unsafe, and, if the defect had been discovered in time, the rail should have been removed. After that testimony was brought out the plaintiff was permitted to file a trial amendment alleging the defective rail as a cause of the wreck. This was objected to, but the objection, we think, was properly overruled, as no injury is shown to have resulted to ·the defendant by permitting the amendment at that stage of the trial. We conclude that the evidence was sufficient to support the finding of negligence in the manner alleged.

Complaint is also made of that portion of the general charge of the court prescribing the measure of damages. The defect, if any, was cured by a special charge given at the instance of the plaintiff in error which submitted the correct rule.

[4] The verdict was for $16,000. Complaint is made that it is excessive. The plaintiff had sued for $5,000 as damages resulting from the mental and physical suffering endured by the deceased prior to his death, and also for the pecuniary damages sustained by plaintiff as the father of the deceased. The verdict was general, and we are unable to say how the jury distributed the damages. The evidence shows that the death of the deceased resulted from scalds received in the wreck. He suffered much for a short time only, and was relieved by narcotics administered by an attending physician. He died within a few hours after the accident. The evidence also shows that his father and only beneficiary is a man 52 years of age, in good health, and amply able to support himself. His son had contributed something towards the support of the family, which consisted of the father, daughter, and son, residing together in the city of Greenville. There was no evidence that the father would in the future be any more dependent upon the son than old people in his financial condition generally are. The jury had a right to infer that the son would probably have made reasonable contributions for the support of the father for a number of years, but was unwarranted in concluding that so large an amount would be thus applied. Without discussing in detail the particular conditions existing, we conclude that the verdict was excessive.

The judgment will be reversed and remanded unless the defendant in error shall within 20 days file in this court a remittitur reducing the amount of the recovery to $10,-000. If such remittitur is filed within that time, the judgment will be affirmed.