BARTON v. GREEN et al. (SIMMONS, Intervener).

No. 2398.

Court of Civil Appeals of Texas. Beaumont.
June 9, 1933.

Rehearing Denied June 28, 1933.

Llewellyn & Dougharty, of Liberty, for appellant.

Rolland Bradley and C. F. Stevens, both of Houston, for appellees.

O'QUINN, Justice.

Suit in trespass to try title by appellant against Kittie Green, a feme sole, to certain land in Liberty county. She answered by plea of not guilty, general denial, and the ten-year statute of limitation (Rev. St. 1925, art. 5510). In the alternative she also pleaded title to the land by the ten-year statute of limitation outstanding in the heirs of John Green, naming them. One of said heirs, Ollie G. Simmons, intervened in the suit, made herself a party defendant, and answered by general demurrer, plea of not guilty, general denial, and pleaded title by the ten-year statute of limitation, and in the alternative, title outstanding in the heirs of John Green, naming them, including herself.

The case was tried to a jury. At the conclusion of the evidence, plaintiff, appellant, moved the court for an instructed verdict in his favor for all of the land sued for, which was refused. The case was then submitted to the jury upon one special issue inquiring whether or not the heirs of John Green had and held adverse possession of that part of the land sued for by appellant "which lies south of Green's Gulley, cultivating, using or enjoying the same continuously for as long as ten years prior to the filing of this suit," which the jury answered in the affirmative. Thereupon the court rendered judgment for appellant for all of the land sued for situated north of Green's gulley, and for appellee for that portion of the land sued for which lay south of said gulley. Motion for a new trial was filed by appellant, overruled, and the case is before us on appeal.

Two propositions are presented by appellant, each urging that the court erred in overruling his motion for a new trial because of misconduct of the jury. The matters complained of are: (a) That the jury discussed the fact that in the construction of a state highway across and over a portion of the land in dispute Mrs. Kittie Green conveyed the right of way for the road, and therefore she must have owned the land, and that this influenced one or more members of the jury in answering that the Greens had ten years' adverse possession of the land claimed by them. It was undisputed that the highway was constructed by the state highway department, and that it passed on and over the land, and that Mrs. Green did convey the right of way for that purpose. The jury had the right to consider the evidence and to draw any reasonable conclusion deducible therefrom. (b) That the jury discussed the fact that in building the highway, dirt was purchased from Mrs. Green to be used in filling and that this dirt was taken from both sides of the highway track on the land claimed by the Greens, and paid for at the rate of 3 cents to 5 cents per yard, and that the state would not have paid Mrs. Green for the dirt unless she owned same. It was undisputed that dirt was taken from both sides of the highway on land claimed by the Greens, and that it was paid for at 3 cents to 5 cents per yard. This was

a proper matter for the jury to consider relative to the claims and possession of the Greens to the land, and for them to draw any and all reasonable conclusions deducible therefrom. Furthermore, appellant, Barton, knew of this matter for he was engaged in hauling and having hauled the dirt then and there used for filling, and he directed his drivers where to get the dirt and himself paid Mrs. Green for same, thereby knowing and recognizing the Greens' claim to the land where the dirt was taken from. All this was proper for the jury to consider and discuss. (c) That the jury in their discussions in arriving at their verdict attempted to deduce from a map given in evidence and which the jury were allowed to take with them to the jury room, how much in acres appellant would have in the part north of Green's gulley and what relation it would bear to the whole acreage claimed by him in his petition, some seeming to think he would still have his full quantity, after that portion south of the gulley was given to the Greens. When the jury first retired, there were eleven for appellees and one for appellant. They shortly agreed and returned their verdict. From a careful consideration of the record on motion for a new trial, we do not believe that the court abused his discretion in overruling the motion, it not appearing, as we think, that this feature was calculated to or did materially influence the verdict of the jury. It is well settled that where a new trial is asked on the ground of misconduct of the jury, that the granting of the motion is within the sound discretion of the court, and that his finding of fact against the motion will not be set aside unless it clearly appears that the court has abused his discretion to the injury of appellant. We do not believe that any such abuse is shown. Moreover, the question of acreage north of the gulley, which was awarded to appellant, or that south of the gulley, was not material, for, regardless of the quantity in acres either north or south of the gulley, if appellees had had and held adverse possession of that portion south of the gulley for ten years continuously prior to the filing of the suit, then the verdict should have been for them, and the acreage north of the gulley had no bearing upon the question of the adverse possession of appellees of the land south of the gulley, and, therefore, was wholly immaterial. We have carefully considered all the evidence bearing upon the issue submitted, and find that the verdict of the jury is amply supported by the record, so much so, as that we think any other verdict would have been against the overwhelming weight and preponderance of the evidence. From a careful consideration of the whole record, the statement of facts, and the record on motion for a new trial, we do not believe that any of the matters complained of

as misconduct on the part of the jury in any material manner influenced the finding of the verdict, or amounted to such misconduct, if any at all, as would have warranted the granting of the motion, and hence no abuse of discretion on the part of the court is shown in overruling the motion.

From what we have said, the judgment should be affirmed, and it is so ordered.

Affirmed.