## EL PASO ELECTRIC CO. v. PRINCE.

### No. 3367.

Court of Civil Appeals of Texas. El Paso.

May 7, 1936.

Rehearing Denied June 4, 1936.

Brown & Brooke, of El Paso, for appellant.

R. E. Cunningham and Lea & Edwards, all of El Paso, for appellee.

PELPHREY, Chief Justice.

Frank M. Prince, an employee of appellant, met his death by coming in contact with high-tension wires at the Dallas street substation of appellant on January 11, 1935. Appellee, his mother, brought this suit seeking to recover for his death. She alleged the following acts of negligence:

"1. In failing to furnish him a safe place to work in that the defendant failed to advise or warn or instruct Prince adequately prior to his death that the wires, instruments and equipment in the substation were surrounded by a zone or space within which it would be dangerous for any one to permit any portion of his body to come even though not in actual contact therewith, and in failing to warn him that death might occur should he get too close, even should he not touch the wires or instrumentalities and in failing to warn him as to the distance within which he could safely approach any of the appliances.

"2. In permitting Prince to undertake to work on the equipment in the substation under the existing circumstances in view of his inexperience.

"3. In that defendant's agents instructed Prince to paint the caps over circuit breaker 2302 without deadening the equipment on which he was instructed to work.

"4. In that defendant's agent on the date in question used language which Prince would and did reasonably understand as amounting to an instruction to him to paint the caps on the job on which he had worked the day before, the defendant knowing same to be alive with deadly current.

"5. If defendant did not specifically direct Prince to paint the caps over circuit breaker 2302, through its agents it failed to use ordinary care and was negligent in not specifically directing Prince as to what other portion of the equipment he should paint, if in fact the defendant intended for him to paint any equipment other than the caps over 2302, as the defendant knew or in the exercise of ordinary care should have known that Prince would attempt to complete the job which had been left unfinished the day before, and would attempt to paint the caps on circuit breaker 2302 which it knew to be deadly, but which Prince did not know.

"6. That the work being done by defendant in the substation, in order to be carried on safely, required the services of experts therein with accumulated experimental knowledge as electricians in the handling of the substation, which was highly technical, complicated and dangerous, and all of this was known to defendant and unknown to Frank Prince, who supposed that he had the ability to do the work, but was in fact not skilled or versed therein and lacked knowledge and experience and skill in such work and relied on the supposition that the defendant would not permit him to engage in work, which, due to his inexperience would endanger his life; and the defendant knowing his inexperience, failed to use ordinary care and negligently permitted him to undertake highly hazardous work, knowing that the caps over circuit breaker 2302 were charged with electricity which would produce death to a human being coming in contact therewith.

"7. The defendant failed to warn the said Prince and inform him that the caps and equipment over circuit breaker 2302 actually carried sufficient current to cause him serious injury or death.

"8. That each and all of the above acts of omission and commission on the part of the defendant were negligent and the proximate cause of Prince's death.

"The petition closed with the allegation that when he received his injuries Prince was acting under the instructions of defendant's agents who were as to him vice principals and his superiors acting in the scope of their authority, following with a prayer for relief."

In answer appellant pleaded a general denial; that its equipment in the Dallas street substation was standard, up-to-date, modern equipment in good order and condition, and that the deceased met his death solely and proximately as a result of his own negligence, without defendant's fault; that he was not instructed to do what he attempted to do, but voluntarily assumed and undertook to do and perform work not assigned to him and where he was not supposed to be and in violation of instructions; that he was advised and warned of the danger of attempting to work on equipment where he was injured, unless he got a clearance and a danger tag was attached and all switches or disconnects pulled; that he was warned of the danger if he came into contact with any of the equipment, without taking these precautions, and the danger was fully explained to him; that in the face of these warnings and in violation of rules with which he was familiar, he attempted to climb upon highly charged electrical equipment, or work thereon, at a place where there was no danger tag and for which no clearance had been received, and when and where the disconnects or contact switches had not been pulled, and at a time and place when and where he knew and in the ordinary course of his employment should have known that the equipment was carrying high-voltage current, and that it was dangerous for him to come into contact therewith and he voluntarily assumed the risk incident thereto, which was negligence proximately resulting in his death.

The defendant alleged that the deceased had received a copy of the defendant's rules book and he was familiar therewith; that said rules provided that he should familiarize himself therewith and he was informed that he would be expected to abide by same; that among other things, it was provided therein by rule 43: "Any employe about to work on any machinery shall before doing any such work protect himself and fellow employes on the same work, against its accidental starting by reporting same to the engineer on watch and see that the apparatus is properly tagged with a danger tag. The apparatus shall not be started until the tag is removed except when it is necessary to start apparatus after the work has been completed for test and then only by the employe to whom the apparatus is tagged and only after he has made certain that no employe is near the apparatus."

It was further alleged that the deceased in the face of and in violation of said rule failed to comply therewith and attempted to climb upon or work upon machinery which was not tagged with a danger tag and upon which a clearance had not been received and where he was not told to work; that it was provided in said rules that on circuits above 220 volts an employee should not depend upon oil switches or compensator for killing the circuit, but he should pull the disconnects after opening the breaker, which he failed to do; that he was informed and knew that the equipment carried voltage above 220; that had he complied with those rules and had he opened the breakers which were prescribed in the rules, he could and would not have been injured, and he was negligent in all of these particulars.

In response to special issues, the jury found:

Frank Prince was killed while working on or in close proximity to circuit breaker 2302 in the scope of his employment, he being at the time unacquainted with the danger of working on or in close proximity to the circuit breaker unless the disconnecting switches were open and the defendant knew or in the exercise of ordinary care should have known of the ignorance of Prince as to such matters; that defendant failed adequately to warn Prince of the dangers incident to working on or in close proximity to the circuit breaker on a high-voltage line unless the disconnecting switches were open and failed to use ordinary care to adequately warn him of such dangers; that the language used by the substation foreman just prior to the accident reasonably conveyed to Prince that he was to paint the caps over breaker 2302, and it was negligence on the foreman's part to give such directions, and this negligence was a proximate cause of the death of Prince; that it was not negligence for

Prince to work on or in close proximity to breaker 2302 when the disconnects were closed; that it was not negligence for him to work on or in close proximity to said breaker without a red tag required by the rules, and that he did not voluntarily assume to undertake to do or perform work not assigned to him and at a place where he was not instructed to work; that plaintiff suffered pecuniary damage as a result of the death of her son in the sum of $8,500; that with such knowledge as defendant had as to the extent of the experience of Prince with apparatus carrying live electric current it was negligence for the defendant to permit Prince to undertake work in its Dallas street substation, and such negligence was a proximate cause of his death.

Judgment for $8,500 was rendered, and this appeal followed.

### Opinion.

Appellant complains of the trial court's refusal to instruct a verdict in its favor; of the overruling of its motion for a judgment non obstante veredicto; of the submission of certain special issues of the misconduct of the jury; of the argument of counsel for appellee; and of the size of the verdict.

■ It appears that appellant was not a subscriber under the Employer's Liability Act (Vernon's Ann.Civ.St. art. 8306 et seq.) and therefore was precluded from depending upon the contributory negligence of the deceased; upon the fellow-servant rule; or upon the doctrine of assumed risk. If appellant's agents were guilty of any act of negligence which caused the death of the deceased, then the first two complaints are not sound. In viewing that question, we should discard all adverse evidence, give credit to all evidence favorable to appellee, and indulge every legitimate favorable conclusion therefrom. Cartwright v. Canode, 106 Tex. 502, 507, 171 S.W. 696; Pendell v. Apodaca (Tex.Civ.App.) 221 S.W. 682; W. T. Rawleigh Co. v. Smith (Tex.Civ. App.) 231 S.W. 799; Selz, Schwab & Co. v. Shipman (Tex.Civ.App.) 230 S.W. 842.

After a careful reading of the evidence of all the witnesses we have reached the conclusion that Frank Prince was unacquainted with the dangers incident to the work he was doing on the date of his death, and that he was not adequately warned by appellant's employees of such dangers.

If we be correct in this, then negligence is shown, and the motions for instructed verdict and for judgment non obstante veredicto were properly refused.

We find no merit in the objections urged to special issue A.

The judgment was not excessive. • El Paso Electric Ry. Co. v. Buttrey (Tex.Civ. App.) 260 S.W. 897; Schaff v. Lyon (Tex. Civ.App.) 251 S.W. 592; Missouri, K. & T. Ry. Co. v. Henderson (Tex.Civ.App.) 148 S.W. 822.

Appellant contends that the jury in its deliberations, took into consideration attorney's fees and insurance.

■ The trial court by its action in overruling appellant's motion for a new trial on the ground of misconduct necessarily found that such misconduct did not take place. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.(2d) 770, 773; Walker v. Quanah, A. & P. Ry. Co. (Tex.Com. App.) 58 S.W.(2d) 4; Bradley v. Texas & P. Ry. Co. (Tex.Com.App.) 1 S.W.(2d) 861; Dick Co. v. Yanez (Tex.Civ.App.) 55 S.W.(2d) 600.

■ Furthermore, it appears, we think, from the evidence upon the hearing of the motion for a new trial that the two items complained of did not enter into the calculations of the jury as to the amount to be awarded. At most, the evidence raised a question of fact, which the trial court found against appellant.

Finding no reversible error, the judgment is affirmed.