**CORY v. NATIONAL CASUALTY CO.**

**No. 3737.**

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1938.

Rehearing Denied Oct. 13, 1938.

White & Yarborough, of Dallas, for appellant.

Chrestman, Brundige, Fountain, Elliott & Bateman and H. A. Bateman, all of Dallas, for appellee.

NEALON, Chief Justice.

This is a suit upon a health and accident insurance policy. The parties will be referred to as they were designated in the trial court, appellant here being plaintiff below and appellee being defendant. Plaintiff, Mrs. Helen Cory, alleged and proved that defendant issued and delivered to her its policy of insurance dated April 3, 1935, providing for the payment of a monthly accidental indemnity of $75, a monthly illness indemnity of $75, and a monthly hospital indemnity of $37.50, each indemnity being payable only for a limited period of time. The policy provided that indemnity for accidental injury should be paid only when the disability should be immediate and continuous from the date of the accident; and it should result alone from an external, violent and accidental event and wholly disable and prevent the insured from performing every duty pertaining to her occupation; that she be regularly treated by a legally qualified physician, and that there be external or visible mark of the injury on the body. The illness provision provided that if the disability were due in whole or in part to disease or derangement of the generative organs there should be no indemnity paid for time lost on account of illness.

At the conclusion of the evidence the Court instructed the jury to find for the defendant. The instruction was obeyed and judgment entered accordingly. From that judgment plaintiff appeals.

Plaintiff testified that on September 7, 1935, when she stepped off the curb near a certain store in the City of Dallas an automobile came so close to her that she had to jump back, and, as she expressed it,

had to "jump back quick, and threw myself off balance in order to get out of the way to keep from being hit; * * * I jumped back and fell and lost my balance and tried to catch myself with my hand or elbow, I don't know which. I was trying to keep from falling; * * * the car that was coming around was going fast; (after she jumped back and fell) there was a severe pain in my abdomen; * * * I had to go on home; * * * I was unable to go ahead and finish (the) shopping I had come to town to do. I went to bed and put an ice pack * * * on my abdomen. There was swelling, also blue discoloration; I remained in bed until about 1 o'clock, or something like that, the doctor, Dr. Shortal." She testified that she was operated upon three days later by Dr. Shortal at Baylor Hospital. Miss Mary Lee Works, sister of the plaintiff and a graduate nurse, corroborated the plaintiff as to the manner of the injury and said that in falling her sister "caught on her elbow or hand or something—it was so quick I didn't notice just how she fell." She corroborated the plaintiff also as to the appearance of the discoloration upon the abdomen, describing it as "kind of mottled." Dr. Shortal testified that he had been actively engaged in the practice of medicine since 1909, teaching surgery in Baylor Medical College since 1912; that when he examined plaintiff he found her complaining of pain in her abdomen; that the abdomen was distended and rigid; that he thought she had a partial obstruction; that she gave the history of the injury saying she was all right before the injury, and he supposed the injury had something to do with it; that the condition could have been caused by an injury; that two or three days later he operated, opening the abdomen and finding a coil of the small bowel caught between bands of adhesions which had been separated; "they were attached to a portion of the bowel and then the top of the womb; * * * this bowel had been forced through and caught and strangulated between these bands of adhesions; that was caused by some increased abdominal pressure frequently due to injury." In answer to a hypothetical question assuming the facts to be as testified by plaintiff, Dr. Shortal testified, "I think it (the condition he found) would be due to the strain that she received at that time. * * * (I) freed these adhesions first; that left the womb so denuded or so much raw surface there and with some enlargement I removed the uterus to prevent a recurrence of the condition existing; the primary reason for the operation was due itself to abdominal distention and partial obstruction, and when I got in there I found the other organs (meaning the womb and tubes) involved so I removed them to prevent recurrence." He further testified that he removed part of the left ovary, which was studded with cysts; "that the tubes are removed as a matter of routine when part of the womb is removed"; that but for the obstruction he found there would have been no necessity for removing those generative organs that were removed; that during the time she was in the hospital she was incapacitated to work and that she was incapacitated for a time after she left the hospital; that the fact that some of the generative organs were removed did not disable her longer than she would have been disabled as a result of the operation of removing the obstruction and opening up the abdomen; that the most serious part of the operating was that done on the intestinal tract.

## Opinion.

Since the court instructed a verdict in favor of defendant we have but one question to determine. Giving credit to all the evidence favorable to appellant and discarding all adverse evidence, would she be entitled to recover? El Paso Electric Company v. Prince, Tex.Civ.App., 95 S.W. 2d 147 and cases cited. In view of the evidence of plaintiff, which was corroborated by her sister and of the opinion expressed by Dr. Shortal, we think there can be no doubt that there was a question for the jury to decide. If Dr. Shortal was correct, there would have been no necessity for an operation had not the accident taken place and consequently plaintiff would have lost no time from her calling.

The judgment of the trial court is reversed and the cause is remanded.