## MECOM v. DE BLANC.

### No. 3618.

Court of Civil Appeals of Texas. Beaumont.

April 16, 1940.

Rehearing Denied May 29, 1940.

John L. Compton, Ramie Griffin, R. E. Biggs, and P. C. Matthews, all of Liberty, for appellant.

H. D. Grogan, of Liberty, and Baker, Botts, Andrews & Wharton, Marion Phillips, and Albert P. Jones, all of Houston, for appellee.

O'QUINN, Justice.

Appellant Mecom sued appellee De-Blanc to recover damages alleged to have been suffered by his wife, Mrs. Louise Mecom, and damages to the automobile in which she was riding, caused by a collision between the car in which Mrs. Mecom was riding and a car driven by an employee of appellee DeBlanc. The collision occurred at the intersection of Milam and Trinity Streets in the City of Liberty, Texas.

The case was tried to a jury upon special issues. In their verdict the jury found defendant guilty of negligence that was the proximate cause of the collision in several particulars. They also found that Mrs. Mecom was guilty of contributory negligence in that: (a) She failed to keep a proper look-out to discover cars proceeding west on Trinity Street, and that this was negligence, and a proximate cause of the collision; (b) she failed to have her car under proper control, and

that this was negligence, and a proximate cause of the collision; (c) she failed to sound her horn upon discovering the approach of appellee's car, and that this was negligence, and a proximate cause of the collision; (d) she failed to yield the right of way to the DeBlanc car, and that this was negligence, and a cause of the collision; (e) she failed to bring her car to a stop after she discovered the approach of the DeBlanc car on her right, and that such failure was negligence, and a proximate cause of the collision; and (f) she failed to apply the brakes on her car after discovering the approach of the DeBlanc car, and that such failure was negligence, and a proximate cause of the collision.

On these findings, appellee moved for a verdict which was granted and judgment accordingly entered in his favor. Motion for a new trial was overruled, and appellant has appealed.

All the assignments complain of misconduct of the jury. Four of the jurors testified. The main contention is as to the juror Whitehead. He testified that while the case was in progress of trial and before the charge was read to the jury, that he, during a recess of the trial, was walking down the streets and came to the place (intersection of Milam and Trinity streets) where the collision occurred, he stopped and looked the situation over. He had heard the testimony of the witnesses as to the visibility, that is how far one could see down the other street when approaching the intersection, and concluded that each of the drivers, Mrs. Mecom of her car, and the driver of the DeBlanc car, could have seen the other at a greater distance than they had testified. That he was influenced by what he saw in arriving at his answer to the special issue in finding Mrs. Mecom guilty of contributory negligence in not keeping a proper look-out. Mrs. Mecom was travelling north on Milam street; and the DeBlanc car was travelling west on Trinity, that is when Mrs. Mecom was going north on Milam approaching the intersection the DeBlanc car was approaching the intersection from the right (east) on Trinity. Mrs. Mecom testified that she saw the DeBlanc car coming from the east when she was 35 or 40 feet from the intersection, and that the DeBlanc car was then some 75 or 100 feet down Trinity away from the crossing; that she did not see it any more until her car was hit; that she would estimate that

he (DeBlanc car) was going 35 miles per hour, and she 25 miles per hour; that when she first saw the DeBlanc car she didn't think much about it, he was so far away that she thought she had plenty of time—that she thought she would be by before he got that far; that she did not sound her horn, nor apply her brakes; that "Absolutely. I thought I had plenty of time to get by before he could cover the distance he was."

Article 2234 of the Revised Civil Statutes of Texas reads: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and *may* grant a new trial if such misconduct proved, or the testimony received, or the communication made, *be material.*" (Italics ours).

■ Appellant urges that the driver of the DeBlanc car could have seen Mrs. Mecom a considerable distance down the street. Then it naturally follows that Mrs. Mecom could have seen the DeBlanc car as it approached for she had the same opportunity and facility as he had. This was the view of the other three jurors who testified, that they thought the parties *equally to blame,* and this is justified by the facts. The reason given by the juror, Whitehead, for his conclusion that Mrs. Mecom was guilty of not keeping a proper look-out (his thinking from looking at the streets) that either party could have seen the other farther than they testified, does not appear to be reasonable. And while he testified that his finding against Mrs. Mecom on the issues of failure to have her car under proper control, failure to sound her horn after she had discovered the approach of the DeBlanc car, failure to yield the right-of-way to the DeBlanc car after she discovered it approaching the intersection from the east or right side; failure to stop her car after discovering the approach of the DeBlanc car on her right; and failure to apply the brakes on her automobile after discovering the approach of the DeBlanc car, were influenced by his viewing the street intersection, seems far from reasonable for in that each of these findings was justified by the testimony of Mrs. Mecom who admitted each of these facts without hesitancy, so far as is disclosed by the record. They being supported by her own admissions, he could not have found to the contrary. We do not think his testimony that his viewing the streets at the intersection, and his conclusion that either Mrs. Mecom or the driver of the DeBlanc car could have seen the other farther down the streets than they testified, could have any material bearing on the question of proper look-out, or could have had any material effect on the verdict rendered, but if so the findings upon the other issues of contributory negligence on the part of Mrs. Mecom could not have been affected by his conclusion because these findings, and each of them, were in accordance with Mrs. Mecom's own admissions on these questions. And, so, as these findings, and each of them, could not have been affected by the finding on the issue of proper look-out, and each of them being sufficient upon which to, base the judgment, the court did not err in overruling the motion for a new trial.

■ We overrule the assignment that the jury was guilty of misconduct in that before answering the special issues in which they found Mrs. Mecom guilty of contributory negligence, they discussed a purported rule or law which they considered in effect in the City of Liberty, regulating the traffic of automobiles on the streets of said city. It is contended that no evidence of such ordinance or rule was offered. The record reflects that there was such evidence.

■ There is no merit in the assignment asserting that the jury was guilty of misconduct in that before they arrived at a verdict, the question of insurance carried by appellant on his car and that he would be recompensed by such insurance for any damages to his car was discussed. The record discloses that insurance was mentioned, but the jurors were promptly told that they could not consider such matter, and that it was not again mentioned. The matter of insurance was not discussed, it was merely mentioned. This did not constitute misconduct of the jury. Texas & P. Ry. Co. v. Aaron, Tex.Civ. App., 19 S.W.2d 930, writ refused. Certiorari denied by U. S. Court, 281 U.S. 756, 50 S.Ct. 409, 74 L.Ed. 1166. Blue Diamond Motor Bus Co. v. Hale, Tex. Civ.App., 69 S.W.2d 228, writ dismissed; St. Louis Southwestern Ry. Co. of Texas v. Gilpin, Tex.Civ.App., 73 S.W.2d 1054,

writ refused; Yellow Cab Co. v. Word, Tex.Civ.App., 125 S.W.2d 1050.

The court heard the evidence adduced on the motion for a new trial, and overruled it. This must have been because the court did not believe that misconduct on the part of any juror was shown. We have discussed the testimony of the juror Whitehead relative to his having visited the street intersection where the accident occurred, and said that it did not appear to us that the reason given by him (that he thought that either or both drivers could have seen the other farther than they had testified) for finding Mrs. Mecom guilty of failing to keep a proper look-out, was seriously to be considered—it did not carry reason, there being no dispute as to the topography of the ground, and it appearing from the testimony of Mrs. Mecom that she actually saw the DeBlanc car as it approached her on the right, and that she paid no further attention to it because she thought that she could get by before the other car would reach the intersection, and further that she did not yield the right-of-way, nor blow her horn, nor stop her car, though she said she could have easily done so, and that she did not put on her brakes, all rendered her lack of proper look-out a certainty, and so the viewing of the intersection and conclusion as to how far the drivers of the cars could see by the juror were immaterial, and so not material under the statute, and hence not a ground of misconduct requiring a reversal of the judgment. Miks v. Leath, Tex.Civ.App., 26 S.W.2d 726; Barton v. Green, Tex.Civ. App., 62 S.W.2d 193, writ dismissed; Brinker v. McDonald, Tex.Civ.App., 115 S.W.2d 1185; Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S. W.2d 229, writ dismissed.

Moreover, the other acts of contributory negligence found by the jury against Mrs. Mecom, such as failing to have her car under proper control; failing to sound her horn upon discovering the approach of the DeBlanc car; failing to yield the right-of-way to the DeBlanc car when she discovered its approach on her right; failing to bring her automobile to a stop after discovering the approach of the DeBlanc car on her right; and failing to apply the brakes on her car after discovering the approach of the DeBlanc car, or either of them, authorized judgment against appellant. This independent of the issue of

failure to keep a proper look-out. That she did not sound her horn, nor yield the right-of-way, nor apply her brakes, nor stop her car, was admitted by Mrs. Mecom, and so there was no dispute as to these acts.

The court heard the motion for a new trial, and the evidence adduced as to the alleged misconduct of the jury, and after considering the whole of the record, overruled the motion. Under the statute, Article 2234, R.C.S. supra, it was within his discretion after full consideration of the whole record, to grant or refuse the motion, and we do not think any abuse of discretion was shown.

The judgment should be affirmed, and it is so ordered.

Affirmed.