## CRAGHEAD et al. v. UNITED TRANS-PORTS, Inc., et al.

### No. 13369.

Court of Civil Appeals of Texas. Dallas.
March 19, 1943.

R. M. Carter, of Sherman, and W. L. Oliphant, of Dallas, for appellants.

Maxey & Freeman and Joe A. Keith, all of Sherman, and Robertson, Leachman, Payne, Gardere & Lancaster and Henry D. Akin, all of Dallas, for appellees.

LOONEY, Justice.

The cause (or causes) of action alleged herein grew out of a collision between a pickup truck, owned by Carl Schooling and operated by him at the time of the accident, and a convoy truck owned by United Transports, Inc., and operated at the time by its agent and employee, Wilbur Garner. As results of the collision, Carl Schooling was seriously injured and Morris Lewallen and Roy Schooling, who were riding with Carl Schooling, were killed. Separate suits for damages were filed against United Transports, Inc., and Wilbur Garner by Carl Schooling, by Mr. and Mrs. Roy Craghead, parents of Morris Lewallen, and by Mr. and Mrs. A. H. Schooling, parents of Roy Schooling. The three suits were subsequently consolidated and tried under the above style.

In answer to proper issues submitted, the jury acquitted appellees of actionable negligence and the court rendered judgment in their favor and subsequently overruled appellants' motion to set aside the verdict and for a new trial, from which this appeal was prosecuted. The case is before us without a statement of facts, except with reference to the evidence introduced on appellants' motion to set aside the verdict, based upon alleged misconduct of the jury.

In points 1 and 5, appellants complained of the failure of the trial court to answer an inquiry by the jury in regard to Special Issue No. 4. This issue reads: "At what rate of speed was the plaintiff Carl Schooling driving his truck immediately before the collision here in question? Answer in miles per hour." The jury's request was as follows: "Question No. 4—Does it mean the speed before or after he, Carl Schooling, came out of the water at underpass?" The court answered: "Gentlemen: In response to your inquiry about Issue No. 4, I regret that I cannot make the question any more specific at this time."

■■ We fail to discover any error in the action of the court. In the absence of a statement of facts, the pertinency of the question is not apparent; besides, the meaning of the issue, as submitted, is neither obscure nor ambiguous, hence did not call for an explanation. The jury later answered the issue by finding that immediately before the collision, Carl Schooling was driving his truck at 50 miles per hour. However that may be, we think a complete answer to appellants' contention is that, the jury having acquitted appellees of actionable negligence, the form of Issue No. 4, or the answer of the jury thereto, whatever it may have been, became wholly immaterial.

Appellants' point No. 2 complains that statements were made in the jury room to the effect that some insurance company would pay all hospital and funeral expenses incurred by appellants; point No. 3 complains that during the deliberations of the jury, mention was made in regard to the outcome of the first trial of the Carl Schooling case (later consolidated); and point No. 4 is a combination of the other two.

■ On the issue of fact raised in regard to the misconduct of the jury in the respects mentioned, the evidence, in our opinion, was conflicting, hence the trial court was justified in finding either that the misconduct charged did not occur, or that it did not reasonably appear that injury probably resulted to appellants therefrom. See Missouri, K. & T. Ry. Co. of Tex. v. Brown, Tex.Civ.App., 140 S.W. 1172, writ denied; Wells v. Henderson, Tex.Civ.App., 78 S.W.2d 683 (Syllabi 19 and 20); El Paso Electric Co. v. Prince, Tex.Civ.App., 95 S.W.2d 147.

■ In the absence of a complete statement of facts, we think it must be assumed that there was evidence before the jury in regard to the hospital and funeral expenses, also as to the outcome of the former trial of the Carl Schooling case; in fact, on the motion for new trial, one juror testified that he understood the court would allow hospital bills, and another testified that he heard from the witness stand that the Carl Schooling case had been tried before. It would not be misconduct for jurors to discuss any matter already in evidence. Higginbotham v. International-G. N. R. Co., Tex.Civ.App., 99 S.W.2d 338; Mecom v. De Blanc, Tex.Civ.App., 140 S.W.2d 915.

■ The evidence is undisputed that statements, if any, by jurors in reference to some insurance company's paying hospital bills and funeral expenses incurred by appellants, and in reference to the outcome of the first trial of the Carl Schooling case, were made after the jury had agreed upon and answered issues acquit-

ting appellees of actionable negligence. In view of this situation, the court did not err in refusing to set aside the verdict of the jury. See Helton v. Luse, etc., Drilling Co., Tex.Civ.App., 147 S.W.2d 831; Wells v. Ford, Tex.Civ.App., 118 S.W.2d 420; Robertson v. Humble O. & R. Co., Tex.Civ.App., 116 S.W.2d 820; Southwestern, etc., Tel. Co. v. Ferris, Tex.Civ. App., 89 S.W.2d 229.

The jurors were unanimous in their testimony to the effect that they answered the issues from the evidence and were not influenced by statements, if any were made, in regard to some insurance company paying all hospital bills and funeral expenses, and in regard to the outcome of the first trial of the Carl Schooling case. The rule seems to be settled that the verdict of a jury will not be set aside or a new trial granted for alleged misconduct of the jury if the matter heard, or statements made, did not influence the verdict. See 31 Tex.Jur., Sec. 42, p. 50, Note 19; Bradley v. Texas & P. Ry. Co., Tex. Com.App., 1 S.W.2d 861; Booth v. Drought & Co., Tex.Civ.App., 89 S.W.2d 432; Texas Public Service Co. v. Mireles, Tex. Civ.App., 149 S.W.2d 298.

Under Rule No. 327 of our Rules of Civil Procedure, the burden rests upon the party complaining of misconduct on the part of the jury to make it reasonably to appear that injury probably resulted from the alleged misconduct. We do not think appellants discharged this burden; hence the court below did not err in refusing to set aside the verdict of the jury and grant a new trial. Judgment below is affirmed.

Affirmed.