**MYERS et al. v. THOMAS et al.**

No. 2613.

Court of Civil Appeals of Texas. Waco.

July 20, 1944.

Rehearing Denied Sept. 21, 1944.

Todd, Crowley & Gambill, of Fort Worth, and Gean B. Turner, of Cleburne, for appellant Ralph C. Myers.

Grover Sellers, Atty. Gen., and Geo. W. Barcus and Wm. J. R. King, Asst. Attys. Gen., for appellant State Highway Department.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and R. A. Kilpatrick, of Cleburne, for appellees.

HALE, Justice.

Ralph Myers sued Thomas & Ratliff and R. L. Cain for damages on account of personal injuries. He alleged that defendant Cain was an employee of Thomas & Ratliff and that his injuries were proximately caused by the negligence of Cain in driving a truck at an excessive rate of speed, in failing to keep a proper lookout and in failing to bring the truck to a stop; that one D. W. Clark was also an employee of Thomas & Ratliff, charged with the duty of spotting the gravel truck driven by Cain at a point where its load was to be dumped, and that Clark was negligent in failing to signal Cain with a lantern to stop and in failing to keep a proper lookout; and that J. S. McAdams, an employee

of Thomas & Ratliff, employed Cain as a gravel hauler at a time when Cain was tired and sleepy and that McAdams was negligent in directing Cain to work knowing that Cain was tired and sleepy. The Texas State Highway Department intervened in the suit asserting its right of subrogation in the subject matter thereof to the extent of $7,930.73 by reason of the expenditure of that amount in disposing of its potential liability to plaintiff under the provisions of the Workmen's Compensation Act. Thomas & Ratliff answered with a general denial and certain affirmative defenses. Defendant Cain did not file any answer and did not appear at the trial either in person or by attorney. The case was submitted to a jury on special issues and upon their findings the court rendered judgment that plaintiff and intervenor take nothing and they have appealed.

Plaintiff says the judgment should be reversed because of (1) misconduct of the jury, (2) improper argument of counsel, and (3) the error of the court in permitting Thomas & Ratliff to introduce in evidence an unsworn statement made by defendant Cain. Intervenor says the judgment should be reversed because the court erred in overruling its motion timely made in advance of the trial to exclude from the jury all information relative to the fact that it had settled with plaintiff under the Workmen's Compensation Act, Vernon's Ann.Civ.St. Art. 8306 et seq., and in refusing to instruct the jury after the evidence was concluded not to discuss or take into consideration any information with respect thereto. Thomas & Ratliff say the judgment should be affirmed because no procedural error is disclosed by the record, but if so the same is harmless insofar as they are concerned because, among other reasons, they were entitled as a matter of law to a peremptory instruction.

Thomas & Ratliff were engaged as general contractors under the supervision of intervenor in the construction of a public highway in Johnson County. In the performance of this contract they employed the services of various persons to haul gravel for the project, agreeing to pay for such services at the rate of $1 per truckload. Plaintiff was an employee of intervenor and on the night of January 16, 1941 while acting in the course of his employment on the job as such employee he sustained an accidental injury as the result of being struck by a gravel truck belonging

to and being operated by defendant Cain. Thereafter, in pursuance of Art. 6674s of Vernon's Tex.Ann.Civ.Stats., intervenor expended the sum of $4,730.73 in furnishing hospital, medical and doctor's services on behalf of plaintiff and paid to him the sum of $3200 on account of his injuries in accordance with an agreed compromise settlement which was approved by the Industrial Accident Board. The jury found in substance that Cain and Clark were each an employee of Thomas & Ratliff and that each was acting in the course of his employment at the time of the injury but that neither failed to keep a proper lookout on the occasion in question; that Cain was driving the truck at 20 miles per hour and failed to bring the same to a stop but that neither the rate of speed nor the failure to stop constituted negligence; that Clark failed to signal Cain with a lantern to stop but that such failure was not negligence; that Cain was tired and sleepy at the time he was employed by McAdams but McAdams did not direct Cain to work knowing that he was tired and sleepy; that $10,000 would reasonably compensate plaintiff for his injuries and damages; that plaintiff was not guilty of any contributory negligence; that Cain was acting under an emergency at the time of the collision; and that the collision was the result of an unavoidable accident and of a new and independent cause or causes.

The first point in plaintiff's brief presents the contention that the judgment should be reversed because it was shown on the hearing of the motion for new trial that the jury was guilty of material misconduct in that after the jurors had agreed to answer certain issues in a manner favorable to plaintiff they then discussed the legal effect thereof and thereupon changed their answers to such issues.

When a case is submitted on special issues, the jury should not deliberately consider the legal effect their answers may have upon the rights of the parties to the suit. In such a case, it is improper for the jurors or any of them to agree in advance on the legal results they wish to accomplish by their verdict and then attempt to answer the issues in such a way as to carry out the original agreement. Texas Electric Ry. Co. v. Swofford, Tex.Civ.App., 159 S.W.2d 938, and authorities. However, in order to justify or require the granting of a new trial on the ground of material misconduct of a jury,

the burden rests upon the complaining party to establish the misconduct complained of by a preponderance of the evidence and to show from the record as a whole that such misconduct probably resulted in injury to him. Rule 327, Tex. Rules of Civil Procedure; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. If the evidence is disputed as to whether jury misconduct actually occurred, or if reasonable minds may differ in the conclusions of fact to be drawn from the evidence raising such issue or issues, then in either event the findings of fact by the trial court with respect thereto are binding upon the appellate court unless such findings are palpably wrong. 31 T.J., p. 166, Sec. 154 and authorities; Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729; Edens-Birch Lbr. Co. v. Wood, Tex.Civ. App., 139 S.W.2d 881; Wohlford v. Texas & N. O. R. Co., Tex.Civ.App., 128 S.W.2d 449, er. dis.; S. H. Kress & Co. v. Hall, Tex.Civ.App., 154 S.W.2d 278, er. ref.

In submitting this case on special issues, the court properly gave to the jury as a part of his admonitory charge the following instruction: "Do not decide who you think should win, and then try to answer the questions accordingly. If you do that, your verdict will be worthless, and all of our time will have been wasted. Simply answer the questions as you find the facts from the evidence, without concerning yourselves about the effect of your answers." Under the court's charge the jury was required to answer only 29 of the 47 independent and corollary issues submitted. Of the 29 issues thus answered 18 were favorable to the contentions of plaintiff and 11 were favorable to the contentions of Thomas & Ratliff. Of the 18 answers favorable to plaintiff 12 related to grounds of recovery and 6 related to grounds of defense.

Upon the hearing of the motion for new trial plaintiff tendered three of the jurors and Thomas & Ratliff tendered eight of the jurors as witnesses. From the testimony of these witnesses it appears that the jury began their deliberations by taking up the issues in the court's charge and agreeing on the answer to each issue in its numerical order and continued in that manner until they reached the issues relating to a proper lookout. They then agreed that Cain and Clark each failed to keep a proper lookout but in considering the corollary issues they could not deter-

mine at that time whether such conduct constituted negligence or a proximate cause as defined by the court. After answering the remaining issues in the charge, the jury returned to a further consideration of the issues relating to a proper lookout on the part of Cain and Clark. Some of the jurors testified that a discussion was then had to the effect that if they should find Cain and Clark failed to keep a proper lookout each would be responsible to plaintiff and that such findings might result in another suit being brought against Clark, while other jurors testified that no such discussion was had or if so they did not hear it. Some of the jurors testified in substance that after they had given more careful study to the court's charge in connection with their answers to the issues relating to contributory negligence, emergency, unavoidable accident and independent cause, they concluded that their prior answers to the issues of proper lookout should be changed in order to make such answers consistent with their answers to the subsequent issues. All of the jurors testified in effect that their answers to the issues of proper lookout were changed because they were of the opinion they had made a mistake in their original decision and that such change was made in accordance with their understanding of the court's charge as applied to the evidence in the case.

In the absence of express findings of fact and conclusions of law to the contrary, it must be presumed from the order overruling the motion for new trial that the court below found from a preponderance of the evidence adduced on the hearing that jury misconduct did not in fact occur. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Schoenfeld v. De Puy, Tex.Civ.App., 58 S.W.2d 574, er. dis.; El Paso Electric Co. v. Prince, Tex.Civ.App., 95 S.W.2d 147, er. dis.; Hornsby v. Houston Electric Co., Tex.Civ.App., 125 S.W.2d 346, er. dis.; Martin v. J. S. Hunt Lumber Co., Tex.Civ. App., 180 S.W.2d 956. Although no separate findings of fact and conclusions of law was filed in this cause, the court expressly found in the order overruling the motion that during the deliberations of the jury there was a discussion by a part of the jurors to the effect that if they should find Cain and Clark guilty of any negligence such findings would make them responsible to plaintiff and would result in another suit being brought but that the answers to

the issues of proper lookout were not changed because of such discussion and that such answers were changed in order to make them consistent with the answers to other issues in the charge. However, we do not think these express findings were necessarily tantamount to an ultimate finding of jury misconduct or that such express findings were in irreconcilable conflict with the broader implied findings arising from the action of the court in overruling the motion. From the entire record we cannot say that any of the express or implied findings of fact by the trial court with respect to jury misconduct was without support in the evidence or that the court's conclusions of law relating thereto were erroneous or that the action of the court in overruling the motion for new trial on that ground constituted such an abuse of discretion as to require a reversal of the judgment appealed from. Bradley v. Texas P. R. Co., Tex.Com.App., 1 S.W.2d 861; Hansen v. Ponder, Tex.Civ.App., 23 S.W.2d 737, er. ref.; St. Louis S. W. R. Co. v. Gilpin, Tex.Civ.App., 73 S.W.2d 1054, error refused; Booth v. H. P. Draught & Co., Tex.Civ.App., 89 S.W.2d 432, error dismissed; Mecom v. De Blanc, Tex.Civ. App., 140 S.W.2d 915, error dismissed; Craghead v. United Transports, Tex.Civ. App., 170 S.W.2d 325; Tumlinson v. San Antonio Brewing Ass'n, Tex.Civ.App., 170 S.W.2d 620, error refused.

The second point in plaintiff's brief relates to various portions of the argument of counsel for Thomas & Ratliff. It is stated in the brief that "by far the most damaging argument discussed under this point of error is that reflected by Assignment of Error 8." The argument reflected by Assignment of Error 8 was as follows: "Now, gentlemen of the jury, I want to call your attention, this fine man and this fine lawyer, Mr. Turner, went down to the big city of Houston and took the deposition of this man Cain and then got upon the witness stand and they introduced it in evidence and Mr. Turner will tell you when you put a witness on the stand to give testimony to a jury you vouch for that man being honest, telling the truth and the whole truth and nothing but the truth." Counsel for plaintiff thereupon made the following statement: "That is a rule generally speaking, but by statute in this state you may put a party to a lawsuit on the stand and are not bound by

his testimony and you may impeach his testimony and we object to that argument." The court overruled the objection and plaintiff excepted. In his motion for new trial plaintiff further objected to the argument upon the grounds that it was wholly outside the record, was not based on any evidence, was an incorrect statement of the law and was highly prejudicial to his rights.

We do not think the action of the court in overruling the objections constituted reversible error for a number of reasons, some of which we shall note briefly. Under the provisions of Rule 269, Tex. Rules of Civil Procedure, and the law applicable thereto, it was proper for counsel to discuss with the jury all legitimate inferences and deductions that might reasonably be drawn from the facts and circumstances in evidence and to make any reasonable reply to the arguments of opposing counsel. The record affirmatively discloses that plaintiff had caused Cain's oral deposition to be taken in Houston upon questions propounded by his attorney, Mr. Turner, and upon the trial plaintiff introduced portions thereof as a part of his evidence in chief. The record fails to disclose whether the argument complained of was or was not in reply to the arguments of opposing counsel. But if such argument was improper, the impropriety thereof was not of such prejudicial character as to require the court to take notice of the same in the absence of timely and appropriate objections and hence the grounds of objection set forth in the motion for new trial came too late. We doubt whether the grounds stated in the original point of objection were sufficiently definite or specific to apprize the trial court of the present contention that such argument was improper because it was an incorrect statement of the law. Assuming, however, that counsel was referring in his original point of objection to Art. 3769c of Vernon's Tex.Civ.Stats., which was superceded by Rule 182, Tex. Rules of Civil Procedure, we are not prepared to say that such statute or rule is of controlling effect in its application to the factual situation here involved. Since Cain did not file any answer in the case and did not appear at the trial either in person or by attorney, we think the counsel for plaintiff did vouch for the truth of that part of the deposition of Cain which they introduced in evidence. In any

event we fail to see how the rights of plaintiff were prejudiced by the argument because the answers of the jury show that the jury accepted the testimony of Cain in part and rejected his testimony in part.

Complaint is made under the second and succeeding points in plaintiff's brief of numerous other portions of the argument on behalf of Thomas & Ratliff. Some of the remarks of counsel were objected to at the time they were made and some of the objections thus interposed were sustained while others were overruled. Other portions of the argument were objected to for the first time in the motion for new trial. Any attempt on our part to set forth all of the arguments complained of would require this opinion to be extended far beyond the length of propriety. Having discussed what plaintiff apparently regards as the most damaging portion thereof, it must suffice to say that we have examined all portions of the argument against which any complaint has been directed and have concluded in the light of the entire record that no reversible error is thereby shown because, among other reasons, the voluminous evidence properly admitted on the trial, the separate answers of the jury to the issues submitted and the testimony of the jurors given on the motion for new trial, when considered together, all indicates beyond any reasonable doubt to us that the verdict in this case was not the result of passion, bias or prejudice induced by any inflammatory or improper argument of counsel. Ramirez v. Acker, 134 Tex. 647, 138 S. W.2d 1054; Walker v. Koger, Tex.Civ. App., 131 S.W.2d 1074, error dismissed; McMillion v. Wilkinson, Tex.Civ.App., 135 S.W.2d 231, error dismissed; Dodd v. Burkett, Tex.Civ.App., 160 S.W.2d 1016, error dismissed.

In his deposition defendant Cain testified in substance that he was tired and sleepy when he was employed to haul gravel on the job and because of that fact he did not want to go to work that night and so advised the man who employed him but he was told they "needed that truck that night, and if I wanted to work get on." McAdams testified that it was his duty to employ gravel haulers on behalf of Thomas & Ratliff, that he talked with Cain on the night in question but did not employ him and he denied any recollection of the conversation as related by Cain. D. T. Harkrider testified that he was in charge of the Insurance Department of intervenor and had in his possession a written statement signed by Cain relative to the accident under consideration. Thomas & Ratliff offered in evidence the written statement produced in open court by Harkrider and plaintiff objected to its introduction on the grounds that it was hearsay, that no proper predicate had been made for its introduction and that plaintiff had no opportunity to confront Cain with the statement or to give him an opportunity to explain or amplify its contents. The court overruled the objection and plaintiff excepted. In the written statement, which was given before his deposition had been taken, Cain made no mention of having been tired and sleepy at the time he was employed but stated therein that he preferred to wait until the next day to begin work "because I did not know the road."

We recognize the general rule that hearsay testimony and ex parte unsworn statements are not properly admissible in evidence over timely objections, but we think the action of the court in this instance comes within several well recognized exceptions to this general rule. Although intervenor was vitally interested as an active party to the suit, it made no objection to the introduction of the evidence now complained of. Furthermore, it appears to us that under the existing circumstances the evidence was properly admitted on behalf of Thomas & Ratliff against both the intervenor and plaintiff as tending to contradict the subsequent testimony given by Cain in his deposition; but if not, the error in admitting the statement in evidence was manifestly harmless because the jury actually found that Cain was an employee of Thomas & Ratliff and that he was tired and sleepy when he was employed by McAdams.

We also overrule the contentions urged by intervenor to the effect that the court should have excluded and withdrawn from the jury all information relating to plaintiff's claim under the Workmen's Compensation Act. Under the issues raised by the pleadings the court could not determine in advance of the evidence and in the absence of any agreement by all parties what issue or issues of fact, if any, might be tendered by the evidence. Furthermore, after intervenor had read its petition in intervention to the jury and after all of the evidence in the case had

been fully developed in the presence of the jury it would have been highly impractical, if not impossible, for the court or jury to segregate the information relative to the claim for compensation under the Workmen's Compensation Act from the information relative to the claim for damages under the common law. For example, the witness Harkrider testified that he caused an investigation to be made on behalf of intervenor concerning plaintiff's claim for compensation and in connection therewith he secured certain information in the way of written statements relative to the facts and circumstances under which the accident occurred as well as the nature and extent of the injuries sustained by plaintiff. While the grounds of liability and the measure of the amount recoverable under the former claim were different from the grounds of liability and the legal measure of the damages recoverable in this suit, much of the information relative to the former claim and its final settlement was also relevant and material to a determination of the issues of liability and the amount recoverable in this case. In our opinion, the practice and procedure contended for by intervenor would have constituted a departure from that which has previously prevailed in the trial of similar cases under the provisions of Art. 8307, Sec. 6a, of Vernon's Tex.Civ.Stats., and would have aggravated the inherent and inescapable difficulties necessarily incident to a proper application and enforcement of third party liability under the Workmen's Compensation Act. Plaintiff has made no complaint of his rights having been prejudiced by reason of the action of the court on intervenor's motion or requested instruction and we do not think intervenor is entitled to have the judgment reversed on that account.

If we are correct in the views we have expressed, it is immaterial to a proper disposition of this appeal whether Thomas & Ratliff were or were not entitled as a matter of law to a peremptory instruction. Hence we do not pass upon their contentions that Cain was in their service, if at all, under an independent contract of employment or that there was no evidence of actionable negligence on the part of Clark or McAdams.

Finding no reversible error, the judgment of the trial court is affirmed.