**WOHLFORD v. TEXAS & N. O. R. CO.**

No. 3445.

Court of Civil Appeals of Texas.
Beaumont.

May 3, 1939.

Rehearing Denied May 17, 1939.

W. J. Baldwin and Howell & Howell, all of Beaumont, for appellant.

Duff & Cecil, of Beaumont, and Baker, Botts, Andrews & Wharton, of Houston, for appellee.

WALKER, Chief Justice.

Two switch tracks owned and operated by appellee, Texas and New Orleans Railroad Company, cross Clinton Drive, which runs east and west, one of the principal streets in the City of Houston; one called "the west track" runs in a northerly direction, and the other, "the east track," curves

in a northeasterly direction, after crossing the street. On the north edge of the street, the tracks are about 25 feet apart, and about 10 feet on the south edge; a short distance south of the street the tracks come together forming a "Y." The tracks are elevated above the street level. On the north side of the street, east of and a short distance from the east track, begins a row of houses, obscuring the view of one driving west on the street, approaching the crossing. Appellee maintains a signal light at the crossing, but no bells, to warn the public using the street of the approach of its trains.

On the 5th day of September, 1937, as one Harry Hutto was driving his truck in a westerly direction on Clinton Drive, with appellant, Lowell Wohlford, as his passenger, his truck collided with one of appellee's locomotives. This suit was brought by appellant against appellee for damages for the personal injuries suffered by him in the collision. The jury found the following facts:

As the train approached the crossing the engineer failed to blow the whistle and the fireman failed to ring the bell, as directed by law, but this failure on their part was not a proximate cause of the collision. The signal light maintained by appellee at the crossing failed to operate properly, but this was not negligence. Appellee was guilty of negligence in failing to maintain bells at the crossing, but this was not a proximate cause of the collision. Hutto drove his truck into the side of the locomotive, but neither he nor appellant was guilty of contributory negligence in any respect, proximately causing the collision. In its verdict the jury found and recited, "We agree to allow plaintiff a lump sum of $8250.00." On the verdict judgment was for appellee.

■ Since the collision occurred on the east track and since the engineer and fireman failed to blow the whistle and ring the bell, in the manner required by law, appellant contends, "under the undisputed evidence," that such negligence was, as a matter of law, a proximate cause of the collision. On this proposition he gives great weight to the following fact: The collision occurred on the east track, and the bell was not rung nor the whistle blown as the train approached the crossing. On the theory that the train was on the east track, appellee did not controvert appellant's testimony. Appellee's theory of the

case was that the collision occurred on the west track and that the whistle was blown and the bell rung; on that theory appellant did not controvert appellee's testimony. On the issue of proximate cause, these facts are immaterial. That is to say, since the jury found that the whistle was not blown and the bell was not rung as the train approached the crossing on the east track, it was immaterial that appellee's testimony was to the effect that the collision occurred on the west track, and that the whistle was blown and the bell rung.

■ Appellant's proposition is that, on the undisputed evidence, proximate cause was established as a matter of law. If it can be said that, in the exercise of ordinary care, appellee should have foreseen the collision, then appellant's proposition should be sustained. Ramirez v. Salinas et al., Tex.Com.App., 117 S.W.2d 56; International-Great Northern Ry. Co. v. Hawthorne, Tex.Com.App., 116 S.W.2d 1056. But the general rule is that the issue of proximate cause is a fact question for the jury. Jones v. Gibson, Tex.Civ. App., 18 S.W.2d 744. The rules for determining proximate cause are the same, both on the issue of negligence at common law and negligence as the result of failure to observe a statutory duty. Ball v. Gulf States Utilities Co., Tex.Civ.App., 123 S.W. 2d 937. The facts of this case do not take it out of the general rule. The collision occurred in the daytime; Hutto drove his truck into appellee's locomotive. As a matter of law, appellee should not have anticipated the collision.

What we have said also denies the assignment that the jury's findings on the issues of proximate cause were without support in the evidence.

By his argument, which does not have support in an assignment of error nor in a proposition, brought forward in his brief, appellant complains of the jury's finding on the issue of unavoidable accident, and of the conduct of the jury in making its verdict on that issue. As briefed, we sustain appellee's exceptions to this argument. But after giving careful consideration to the point, we have concluded that error is not established.

■ Appellant assigns misconduct on the part of the jury while deliberating upon its verdict in the following respects:

(a) They discussed the fact that the railroad company was "broke," and that appellant should have carried "insurance."

The testimony on these issues was conflicting. Some of the jurors said that they heard these matters discussed, but Juror Cormier gave the following testimony:

"Q. Did you hear any discussion in the jury room with reference to the railroad company being broke? A. No, sir. It may have been mentioned, but I just don't remember it.

"Q. Did you hear any discussion in the jury room about the fact that this plaintiff, Wohlford, should have carried insurance upon himself? A. Yes, there was something said about insurance, but I don't remember clearly whether it was said whether he should carry it. I thought the man was talking about himself as having insurance."

The testimony of Juror Cormier was sufficient to support a finding by the court, in support of the judgment overruling a motion for new trial, that the misconduct complained of did not occur.

■ (b) One of the jurors "informed the balance of the jury" that, for appellant to recover, they must find that the acts of negligence found by them against appellee "were not proximate causes of the collision," and the jury "failed to consider any evidence on proximate cause"; other jurors stated that appellant could recover only on findings of negligence on the part of appellee, thereby prejudging appellant's rights "in such a manner that he was deprived of a fair and impartial trial." There was supporting testimony on these issues, but controverting appellant's contention, Juror Matte testified:

"Q. Do you recall any discussion had by any member of the jury in regard to the issue of proximate cause as to how that should be answered or should not be answered? A. Well, they talked about it.

"Q. Just tell the court what was said as to how the issue should be answered and why it should be answered in that manner. A. On the issue—

"Q. On the issue of proximate cause. A. I don't remember, to tell you the truth."

Juror Sinclair testified:

"Q. Do you recall when the issue, when the jury began to discuss the issue of proximate cause of the accident? A. Yes, I remember quite a bit of discussion about that.

"Q. Do you recall anyone saying that in order to give the plaintiff a verdict in this case that the issue of proximate cause had to be answered, 'No'? A. I don't remember.

"Q. Do you recall anyone saying that the pertinent inquiry was whether or not the railroad company was negligent and the issue of proximate cause was immaterial? A. I don't remember about whether they said it was immaterial or not."

Juror Klutz testified:

"Q. Do you recall any statement being made in the jury room with respect to the effect of the jury's answer made on issues of proximate cause, as to what effect that would have on your verdict? A. No, sir, I don't remember it.

"Q. You don't know whether that did or did not take place. You just don't recall? A. I don't recall it, no, sir."

On this testimony, in support of the judgment overruling the motion for new trial, it should be presumed that the court made a finding that the misconduct charged did not occur. But, under the provisions of Art. No. 2234, the court did not have the power to review the jury's verdict on its discussion of "proximate cause," even if it occurred as charged by appellant. In Kindle v. Armstrong Packing Company, Tex.Civ.App., 103 S.W.2d 471, 473, 474, the court held that such conduct was not "'an overt act of misconduct on the part of the jury' as contemplated by the statute." On this point, in Bradley v. Texas & Pacific Ry. Co., 1 S.W.2d 861, 863, speaking for the Commission of Appeals, Judge Leddy said: "We are unable to bring ourselves to the view that it was contemplated by this enactment to permit jurors, after their verdict had been returned, to be subjected to an inquisition in order that it might be ascertained whether they disobeyed or misunderstood the charge of the court or misunderstood or misapplied the facts in evidence. To sanction such a construction of the statute would render verdicts of juries uncertain and of little value, and the granting of new trials, instead of being the exception, would become the rule. The court would be compelled to set any verdict aside when one juror could be procured who would testify that he did not obey the charge of the court or did not properly apply the law to the facts, as such testimony would be impossible of contradiction A juror so tes-

tifying would not be subject to the pains and penalties of perjury. * * * We can hardly imagine a more dangerous procedure than that which such practice would sanction. If such were the rule, verdicts of juries would indeed rest upon a most precarious basis."

We quote from the judgment overruling the motion for new trial: "That the grounds stated therein did not affect the judgment or the jury in arriving at its verdict, and it appearing to the Court that such motion should be overruled, it is accordingly ordered, Adjudged and Decreed that the same be and is hereby overruled."

Appellant contends that this was a finding by the court that the misconduct charged against the jury actually happened; we do not agree with appellant on this point. The judgment is subject to the construction that the misconduct did not affect the verdict of the jury, because it did not happen as alleged. Had the court intended to find that the misconduct, in fact, occurred, doubtless he would have expressed his finding in clear and unambiguous language. All ambiguity in the finding should be resolved in support of the order overruling the motion for new trial. But, if the judgment be given the construction contended for by appellant, the legal conclusion, that the misconduct did not affect the jury's verdict, has support. The jurors testified emphatically and clearly that they considered the charge and the evidence, and that they returned their verdict under the charge, and on the evidence, as they understood it. It also appears that in assessing the damages suffered by appellant, the jury did not make its finding in the terms of the court's charge, but wrote its own finding; "We agree to allow plaintiff a lump sum of $8250.00." The clear construction of this verdict is that it was the intent of the jury for appellant to receive an award of $8250; he makes no complaint that this award was inadequate.

The court did not err in refusing to permit appellant to testify that Hutto "was a careful and prudent driver"; this testimony was material only on the issue of Hutto's contributory negligence, and that issue was found by the jury in his favor.

The judgment of the lower court is in all things affirmed.

Affirmed.