### KISSMAN et al. v. DOWNEY et ux.

#### No. 9773.

Court of Civil Appeals of Texas. Austin.

June 1, 1949.

Rehearing Denied June 22, 1949.

Smith & Pollard, of Austin, Harry S. Pollard, Austin, of counsel, for appellants.

Phil L. Kelton, of Dallas, Hobert Price, of Dallas, for appellees.

HUGHES, Justice.

Odes P. Kissman and J. H. Stelfox, appellants, sued Russell C. Downey and wife, appellees, for damages for personal injuries alleged to have been sustained by Kissman and for alleged damages to a wrecker owned by Stelfox, as the result of a collision in Milam County, on November 16, 1944, between a car driven by Downey and the wrecker while it was under the control of Kissman as an employe of Stelfox.

Forty special issues were submitted to the jury and upon findings that appellee Mr. Downey was not guilty of negligence which proximately caused the collision, and that appellant Kissman was guilty of such negligence, judgment was rendered for appellees.

Reversal is sought upon two grounds, both of which relate to jury misconduct.

Error is assigned in the refusal of the trial court to permit a trial amendment to

appellants' amended motion for new trial, in which, for the first time, it was alleged that the jury was guilty of misconduct in that it discussed the availability of Workmen's Compensation Insurance to compensate Kissman for the injuries which he sustained.

■ The trial amendment was not supported by affidavit and no reasonable excuse was given for failure to exhibit such affidavit. The trial court did not, therefore, abuse his discretion in declining to permit such trial amendment to be filed or in hearing evidence of the charges therein contained. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644.

The other error assigned is that the jury was guilty of misconduct in that it discussed the question of the receipt by appellant Kissman of disability compensation from the United States Government for the injuries complained of in this suit.

Rule 327, T.R.C.P., provides that a court may grant a motion for new trial based on jury misconduct, if such misconduct be proved "and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

Juror H. A. Matthews testified that juror Jaeger made the statement in the jury room that appellant Kissman was receiving compensation from the United States Government and that this statement was made before any of the special issues had been answered and that after such statement was made he changed his votes from favorable to appellants' recovery to unfavorable. On cross examination Mr. Matthews said that when the statement· was made only one vote had been taken; also that the foreman had told the jury that such statement was no part of the evidence and they could not consider it, and that following this admonition there was no further discussion of the subject.

Juror Jaeger denied making the statement attributed to him by Mr. Matthews, but did testify that he heard some one say, in answer to a question as to whether Kissman was receiving compensation from the Government, that he didn't think so because he, Kissman, was then on furlough. Mr. Jaeger also testified that the foreman stopped the discussion. This was also the version of the matter as given by juror Watson.

Jurors Peterson, Smalley, Merlo, Smith and Robertson heard none of this discussion.

Jurors C. C. Matthews and Netisch heard no positive statement that Kissman was receiving compensation from the Government, but heard the matter mentioned. This did not influence Mr. C. C. Matthews because, "I knew the Government didn't pay them when they were working for somebody else."

Mr. W. L. Ray, foreman of the jury, denied that any positive statement was made that Kissman was receiving government compensation, although there was some discussion of the subject before he put a stop to it. Mr. Ray also testified that this occurred after all issues except the one as to damages had been answered.

The twelfth juror was not called as a witness.

■ Since the evidence was conflicting as to whether or not a positive statement was made by one of the jurors that Kissman was receiving compensation from the Government, we are bound by the implied finding of the trial court that such statement was not made. For the same reason we accept the testimony of the foreman that the discussion as to this matter occurred after and not before the issues as to negligence and proximate cause had been answered.

It does appear that one of the jurors, in answer to a question, stated that he did not think Kissman was drawing compensation from the Government because he was on furlough. This statement was to appellant's benefit and did him no harm, for the reason that it would tend to cause the jury to allow him damages from appellee if it knew that he was not receiving disability payments from some other source.

■ Furthermore, we are of the opinion that appellants invited the trouble of which they complain and that having done so they must suffer the consequences.

While Kissman was testifying on the trial and before the jury his counsel propounded this question: "As a result of this injury, Mr. Kissman, do you now receive any disability compensation from the Army?"

Counsel for appellee: "We ask that that be stricken as prejudicial and inflammatory and that the jury be instructed to consider it for no purpose, and we ask the court to instruct the jury to disregard the question entirely for any purpose in this case."

Counsel for appellants: "I did not think it would be objectionable, and I will join in the request that the jury not consider it."

Whether the jury was so instructed the record does not disclose.

It also appears that appellants' counsel brought out the fact that Kissman was on furlough from the Army at the time of his alleged injuries.

Viewing the record as a whole we are of the opinion that no jury misconduct has been proved such as to make it reasonably appear that injury probably resulted therefrom to appellants.

The judgment of the trial court is affirmed.

A former tenative opinion delivered by this court on March 23, 1949, is withdrawn and this opinion is substituted therefor.

Affirmed.