## ROSAMOND v. KEYES.

### No. 12468.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 9, 1953.

Rehearing Denied March 4, 1953.

Gallagher, Francis & Bean, Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellant.

Runge, Hardeman, & Steib, San Angelo, Leachman, Matthews & Gardere, Dallas, for appellee.

POPE, Justice.

The appellant, J. B. Rosamond, filed suit against Ben L. Keyes to recover damages for personal injuries sustained when an employee of the defendant, Keyes, discharged high explosives near the place where appellant was working. The jury found all issues against the appellant, and this appeal concerns matters of claimed jury misconduct.

The trial court made no finding as to misconduct, but did expressly find "that no injury resulted or was done to the plaintiff." The grounds claimed as misconduct consisted of certain remarks during the jury deliberations. One of the special issues inquired whether defendant set off

the dynamite without first warning Rosamond. The jury found that issue favorable to the defendant. Another special issue, however, inquired whether defendant was negligent in failing to warn Rosamond of the explosion by sounding a whistle or siren. The jury answered that issue also favorably to the defendant. Appellant asserts jury misconduct during their deliberation because the jurors discussed the fact that there was no custom to warn by use of sirens and whistles. We have carefully examined the statement of facts and the briefs which pointedly detail the evidence. They show that a juror named James Decker stated that he had worked on construction jobs and had never been on one where a siren or whistle was used as a warning device. However, he stated further that the same matter was brought out by the evidence in the case, particularly the evidence that showed that the customary warning was to warn by shouting "Fire in the hole." There was testimony by other jurors denying there was any discussion of personal experiences at all. Another juror stated that the jurors discussed the warning by shouting "Fire in the hole," but denied that he discussed the warning by a siren or whistle. The juror stated to his interrogator at the misconduct hearing: "It was discussed right here when we were sitting here listening to you fellows talk. You said 'Blow a siren, or blow whistle' that would be the first thing you would run down there to see, if the ambulance was down there and you would all get blowed up." He denied that he discussed the remark with other jurors, and while it is not clear from the record, the juror indicates that the statement was made by an attorney at some time when the jury was in the courtroom but not when deliberating.

The purport of this record is that there was dispute about whether the statement was made, and it is not shown when the statement was made. The uncontradicted evidence showed that the custom was to shout "Fire in the hole," and the juror's statement, at most, is that there was no custom to warn by a different method. We are now convinced that the trial court, in failing to make a finding of misconduct, is presumed to have found there was none. "When there is no finding as to when misconduct of a jury occurred, it may be presumed in support of the denial of a new trial that the court found that the misconduct occurred at a time when it could not have influenced the jury. If on motion for new trial for misconduct of the jury, the evidence is conflicting touching the question as to whether the alleged misconduct occurred, that part of the evidence which supports the judgment of the court will be presumed to have been found by the court in favor of the judgment. 3-b Tex. Jur., Appeal and Error, pp. 403–407; Ramirez v. Milton Provision Co., Tex.Civ. App., 231 S.W.2d 547; Humphreys v. Gribble, Tex.Civ.App., 227 S.W.2d 235; Kissman v. Downey, Tex.Civ.App., 221 S.W.2d 785; Stotts v. Love, Tex.Civ.App., 184 S.W. 2d 308; Wohlford v. Texas & N. O. R. Co., Tex.Civ.App., 128 S.W.2d 449.

In this Court's original opinion we assumed the existence of jury misconduct, but we are now convinced that we were in error in doing so. Myers v. Thomas, Tex. Civ.App., 182 S.W.2d 266.

The former opinion, rendered on November 26, 1952, and the opinion on motion for rehearing, rendered on December 31, 1952, are withdrawn and the judgment of the trial court is affirmed.