GREAT AMERICAN INDEMNITY CO. V. OPAL MAE ELLEDGE ET AL.

No. A-6910. Decided January 21, 1959.
(320 S.W. 2d Series 328)

*Kemper & Kemper,* of Houston, for petitioners.

*Joseph Kircheimer,* of Houston, for respondents.

PER CURIAM.

■ The trial court instructed a verdict in favor of petitioner, and the Court of Civil Appeals reversed and remanded the cause for a new trial. 312 S.W. 2d 722. We agree with the Court of Civil Appeals that the statement made by the deceased employee to his wife and overheard by Barbara Jean Noack on the night of September 3, 1956, is admissible as a declaration tending to show the state of mind and immediate purpose of the declarant on that night. See Prater v. Traders and General Ins. Co., Texas Civ. App., 83 S.W. 2d 1038 (no writ) ; McCormick & Ray, Texas Law of Evidence, 2nd ed. 1956, Vol. 1, p. 639, Sec. 868. This testimony, the stipulation of counsel, and the other circumstances established by the evidence raise an issue of fact as to whether the deceased sustained his accidental injury in the course of his employment.

■ It is our opinion, however, that the trial court properly excluded evidence of the statement made by Paul A. Pfeiffer, the mill superintendent, in the presence of David Lee Elledge and

C. B. Massey. No predicate was laid for its admission as a declaration against interest, and a statement by the employer does not constitute an admission by the defendant insurance carrier in a case of this kind. From the standpoint of Pfeiffer, the only exciting event that had occurred was the discovery, and possibly his observation, of the body of the deceased. The declaration which he made does not describe, explain or relate in any way to that event, and therefore is not admissible as res gestae. See American General Ins. Co. v. Coleman, 157 Texas 377, 303 S.W. 2d 370; McCormick & Ray, Vol. 1, p. 698, Sec. 918.

The application for writ of error is Refused, No Reversible Error.

Opinion Delivered January 21, 1959.

Associate Justice Hamilton not sitting.