**MID-CONTINENT CASUALTY COMPANY,**
Appellant,

v.

**Barbara Fay CONRAD et al., By Guardian,**
Appellees.

No. 14071.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1963.

Rehearing Denied May 29, 1963.

Keys, Russell, Keys & Watson, Corpus Christi, for appellant.

Threlkeld, Saegert & Saegert, Seguin, David C. Cook, Corpus Christi, for appellees.

POPE, Justice.

This is a workmen's compensation death case. Mid-Continent Casualty Company complains that the trial court admitted improper evidence in proof of the cause of death and course of employment, and that the jury committed misconduct. We affirm the judgment.

James Conrad, at about eleven o'clock on the night of July 11, 1960, was found beside the truck which he had been driving. His truck had left the highway and run into a ditch and drainage pipe. This attracted the attention of a witness who found Conrad a few feet from the truck with the seat and various tools scattered on the ground. Conrad lived for only a few minutes, and never spoke after the accident. Plaintiffs insisted and the jury found that the death was the result of an accidental injury. Defendant disputed this, but there is no evidence of any other cause of death.

Plaintiffs introduced a death certificate, over defendant's objection that it was not made by the local health officer. The certificate stated that Conrad died of a broken neck. In our opinion, the admission of the certificate did no harm, since there was ample other evidence to

prove the point. The officer who made the investigation after the accident found deceased lying on the pavement. He said that Conrad's head would turn almost around so he could look down his back. Amando Avalas, an eye witness to the impact of the truck in the ditch, testified that deceased's head wiggled from side to side. The embalmer testified that his neck was more flexible than normal, and that the skin and muscles of the neck were loose. Dr. Sharp, the only medical witness, testified on cross-examination, after a statement of the signs, that "it would seem a reasonable medical probability that the cause of death was the fracture of the vertebra with a severance of the spinal cord." There was, apart from the statement in the death certificate, proof of the cause of death, and its admission was not · reversible error. Gregory v. Otts, Tex. Civ.App., 329 S.W.2d 904, 909.

■ A defense to the action was that Conrad was not within the course of his employment when he died at eleven o'clock on Sunday night. The essence of plaintiffs' proof to meet this defense was that he was a truck driver who had devoted the major part of the day working on his truck, and that he was road-testing his truck when he was killed. The claimed error with respect to this defense is that the court improperly admitted evidence from several persons concerning conversations they had with deceased earlier during the day of the accident. To understand these claimed errors, we need to state some of the facts about which there is no dispute. Deceased was employed to drive a truck-trailer vehicle and was in Corpus Christi on orders, awaiting instructions for his next trip. While there, his employer paid his motel bill. At the time of the accident, deceased was driving the truck, without the trailer, and was headed toward Corpus Christi and his motel, just a few miles west of that city. ' Witness Gilbert Martine testified of his personal knowledge that he had seen Conrad working on the truck all day, and

that he saw, and even helped him for a moment working on the lights. When Martine started to testify about his statement to deceased concerning which screw fit the high light and which fit the low light, there was an objection which was overruled. The ruling was inconsequential, for the significant fact was that deceased was in fact working on the lights, which the witness properly testified about.

A motel operator testified that he saw deceased later on that same day, at about 7:00 p. m. Objection was made to his testimony that deceased then told the witness that he had installed new wiring on the trailer. The evidence was harmless, for it was cumulative of Martine's earlier testimony.

■ Witness T. D. Whitehouse testified that he saw deceased about 9:30 or 10:00 p. m., when deceased had a cup of coffee. Over objection, he testified that Conrad said he was "having trouble with my truck" and that he was road-testing it. One hour later the accident occurred. We regard the evidence as admissible as a declaration tending to show the state of mind and immediate purpose of the declarant. Great American Indem. Co. v. Elledge, 159 Tex. 288, 320 S.W.2d 328; Prater v. Traders & General Ins. Co., Tex.Civ.App., 83 S.W.2d 1038.

Appellant urges that the repairs, if made by deceased, violated company orders. There was evidence that drivers were instructed at safety meetings, to make no repairs, but there was no proof that deceased was ever present or heard those instructions during the two months of his employment. Moreover, two officials of the business for which deceased worked stated that drivers were expected to make minor repairs. If, in fact, that is what deceased was doing at the time of the accident, this testimony was enough to prove that he was in the course of his employment. Cf. Texas General Indemnity Company v. Bottom, Tex., 365 S.W.2d 350. The fact

that deceased had spent all day working with the truck, and the fact that the tools were scattered about the scene of the accident, were sufficient to satisfy the jury that, at the time of the accident, he was still working with the truck.

Jury misconduct is the final point. Juror Mason, according to Juror Palmero, made a statement that truck drivers were permitted to work on their trucks and that it was customary for them to do so. Mason was unavailable and did not testify. Only two jurors other than Palmero testified. Dyer recalled the Mason statement a little differently. He recalled that Mason said a driver who was in trouble was expected to take care of the truck if necessary. He testified that Mason said that a driver should find out what was wrong with the truck and that drivers generally took care of their trucks, that "it was normal for them to take care of them," and if they didn't take care of their truck they might lose a trip and both lose money. Parker, the jury foreman, did not hear the remarks attributed to Mason. He heard nothing about road testing other than the discussion of evidence about that matter admitted by the judge. These discussions occurred during deliberation on the issue which inquired about course of employment, a crucial issue, and the one that took most of the jury's time.

The trial court in overruling the motion for new trial may have impliedly concluded, since it made no findings, that Mason's misconduct statements, as recalled by Palmero, were not made at all. Rosamond v. Keyes, Tex.Civ.App., 255 S.W.2d 399. The court may have concluded that the statement was made, and even that it went beyond some of the evidence, but was harmless by reason of some of the evidence admitted without objection. Mr. McFadden, the president of the company for whom deceased worked, testified that drivers could make minor repairs. Mr. Harris, the general manager for the company at the time of the accident,

testified to the same effect. He testified that drivers were not permitted to make road tests, but qualified it with the significant words, "when our mechanic is available."

The judgment is affirmed.