**DALLAS SAFETY CONVOY CO., Appellant,**

v.

**Oldfield GREGORY, Appellee.**

**No. 6649.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 9, 1964.

Rehearing Denied Feb. 5, 1964.

George T. Camp, Beaumont, for appellant.

Barber & Seale, Jasper, for appellee.

STEPHENSON, Justice.

This is a suit for damages arising out of a collision between an automobile and a truck. Based upon answers of a jury to the special issues, judgment was rendered for plaintiff. The parties will be referred to here as they were in the trial court.

Although several issues were submitted to them, the jury found the driver of defendant's truck was negligent only in respect to not keeping a proper lookout, and that this was a proximate cause of the collision. The jury found the plaintiff to be damaged to the extent of $25,000.00. The jury answered all of the defensive issues, favorably to the plaintiff.

The collision occurred on a dark and hazy night when the driver of defendant's truck backed onto the highway and was struck by the automobile driven by plaintiff. The jury found: that backing the truck onto the highway was not negligent; that defendant's driver did not fail to have the truck under proper control; that defendant's truck driver did not fail to have lights operating on the rear and sides of the trailer; that defendant's driver did not fail to promptly drive the truck off of the highway after it had been backed on the same; that the stopping of the truck's forward motion prior to the collision was not negligence; and under the series of issues on discovered peril, that the defendant's truck driver could not have avoided the collision by the exercise of ordinary care in the use of all the means at his command, after discovery and realization. The jury found favorably to the plaintiff upon the issues in reference to his action, which included proper lookout, excessive speed, and proper control.

■ Defendant's first point is that there is no evidence to support the findings of the jury as to failure of its driver to keep a proper lookout and the related proximate cause issue. This is a question of law to be determined by considering only the evidence favorable to such findings, and disregarding all other.

Plaintiff testified he had driven his automobile in a westerly direction on Highway 105, from his home to the place of the collision at a speed between 40 and 50 miles per hour. The distance was one and a half miles and the highway was straight. The driver of defendant's truck testified as follows: He had pulled into a motel situated on the south side of the highway to spend the night and a motel attendant asked him to move the truck to a different location for parking. He backed out onto the highway and had stopped before he saw plaintiff's automobile. That the truck was stopped with the rear end pointed north and located about the north edge of the highway. It would take about 30 seconds to get the truck out of reverse gear into low gear and get it started forward. The truck would move one mile per hour in the starting gear, and 10 miles per hour in the next gear. He had driven the truck forward about 3 feet when the automobile reached a point 100 feet away. He stopped the truck when the automobile was about 60 feet away. The north lane of the highway had not been cleared and the automobile ran into the side of the trailer.

The Supreme Court of Texas made the following statement in reference to "proper lookout" in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ. App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ. App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences

and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301 [T.R.C.P.], therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

Under all of the testimony the jury could have concluded that the driver of defendant's truck should have observed the plaintiff's automobile at an earlier time so that he could either have stopped the truck before blocking the north lane, or upon an earlier discovery, started the truck forward sooner and cleared the north lane of traffic. The jury may have decided that a reasonably prudent person, under the same circumstances, that is, knowing he was backing a truck and trailer out onto a highway, and knowing the amount of time it would require to change the gears and move the truck from the highway, would have kept a better lookout for approaching automobiles. Early observance of an approaching vehicle should have given the truck driver ample time to move the truck out of the north lane of traffic. The point is overruled.

In considering the sufficiency of the testimony to support the issues in reference to "proper lookout", we considered the record as a whole. Even though the driver of defendant's truck testified he looked in both directions before backing the truck onto the highway, and even though there was no other evidence on the point, the jury was not bound to accept such testimony. Also, the truck driver's testimony was to the effect that he saw the lights on plaintiff's automobile as soon as plaintiff turned onto the highway, but the jury was not forced to accept that statement as true. The jury could take into consideration the fact that plaintiff's automobile came upon the highway one and a half miles from the point of the collision, and that there was nothing to prevent the automobile lights from being seen at that distance, if the truck driver had been looking. The testimony of plaintiff as to the speed of his automobile and the resulting length of time it would require the automobile to arrive at the point of contact with the truck, were also inconsistent with the version of "lookout" testified to by the truck driver. We cannot say the findings of the jury were so against the great weight and preponderance of the evidence as to be manifestly unjust and unfair. The point is overruled.

The remaining three points raised by defendant involved jury misconduct. It is contended that one of the jurors made a statement to the effect that the final decision as to the amount of damages awarded to the plaintiff would be decided by the trial judge, and that such juror had sat in a case in which the jury had set the amount in excess of $30,000.00 and the court rendered judgment for something less than $5,000.00. It is also contended the foreman of the jury instructed the other members of the jury they could not consider the length of the skid marks made by plaintiff's automobile and other related matters in arriving at an answer to the special issues as to whether plaintiff was driving at an excessive rate of speed. The third contention under jury misconduct is that the foreman of the jury instructed the other jurors that they could not consider the fact that defendant's truck was sitting in the highway on the issue inquiring whether plaintiff was keeping a proper lookout, because the truck was not mentioned in that special issue. The trial judge overruled the motion for new trial without making any specific findings upon any of these matters.

The juror accused of making the statement in reference to the damages, denied making such statement. He testified at the hearing on the motion for new trial that he had said that the issue should be answered the same regardless of how the other issues were answered and related an experience in which the damage issue had been answered but the plaintiff got nothing because of the way the other issues were answered.

The foreman of the jury denied making a statement to the jury instructing them that they could not consider the skid marks and other related matters in connection with the issue on excessive speed. His view of the matter was that he told one of the members of the jury, an engineer, that he could not calculate the speed of plaintiff's car from the skid marks and try to influence the other jurors with such information.

The foreman of the jury was not asked directly on the hearing of the motion for new trial whether he told the other members of the jury that they could not consider the fact that the truck was across the road in deliberating upon the "proper lookout issues". However, he did make this statement:

"Q. Did you purport to tell the jury that as a matter of law that they could not consider various things in arriving at these questions?

"A. I did not in no way; I'm no lawyer; I don't know what the law is."

Other jurors testified that they did not recall the foreman making any such statement, and that they were not in any way prevented from considering anything that was in evidence in the case.

 It is apparent from a study of the testimony given on the motion for new trial that there was a dispute as to whether each of the statements were made. The trial court, in failing to make a finding of misconduct, is presumed to have found that there was none. The law on this point is well settled as follows:

"If on motion for new trial for misconduct of the jury, the evidence is conflicting touching the question as to whether the alleged misconduct occurred, that part of the evidence which supports the judgment of the court will be presumed to have been found by the court in favor of the judgment." Rosamond v. Keyes, Tex.Civ.App., 255 S.W. 2d 399.

The points are overruled.

Judgment affirmed.