Bernice I. DAVIS and James L. Davis, Petitioner,

v.

ARGONAUT SOUTHWEST INSURANCE COMPANY, Respondent.

No. B–2128.

Supreme Court of Texas.

Jan. 6, 1971.

Mitchell & Doran, Wiley Doran, Houston, for petitioner.

Anderson, Henley, Shields, Bradford & Pritchard, L. W. Anderson, Dallas, Clint Small, Jr., Austin, for respondent.

REAVLEY, Justice.

This is a workmen's compensation case which turns on the question of whether two workmen were in the course of their employment at the time of an automobile accident. The jury found that they were in the course of their employment, and the plaintiffs obtained judgment in the trial court. The court of civil appeals reversed and rendered in favor of the insurance company. 455 S.W.2d 416. We reverse and remand to the court of civil appeals.

The two workmen were father and son, Louis Davis and James Davis. The father was killed in the accident, and his widow Bernice Davis brought the death claim. Her suit and that of James Davis were consolidated and tried together.

In February of 1967 the father and son were employed by Best Steel Buildings, Inc., of Houston, on a crew erecting a pre-fabricated metal building in Austin. They worked at this task the entire week preceding the accident, starting on Monday and stopping at approximately 2 o'clock in the afternoon on Sunday. About one hour later James and Louis Davis, together with James' wife who was staying with him in Austin, left for Houston in Louis' car. They spent the night in Houston and were returning to Austin early Monday morning when the accident occurred which killed Louis Davis and seriously injured James Davis.

The testimony is conflicting as to the reasons for this Sunday evening journey to Houston. Plaintiffs' evidence tends to show that the Davises were directed by their employer to go to the home plant in Houston to obtain needed supplies for the Austin job. Defendant's evidence tends to show that Louis Davis planned the trip to Houston for his own purposes and was asked by the foreman to check while he was there on the possibility of his bringing supplies with him on his return.

In separate issues the jury found that the injuries to Louis Davis and to James Davis were sustained in the course of their employment for Best Steel Buildings, Inc. By the following instruction to the jury the trial court set forth the law of Sections 1 and 1b, Art. 8309, Vernon's Ann.Tex.St., applicable to the issues raised under the testimony:

"By the term 'sustained in the course of employment,' as used in this charge, is meant having to do with and originating in the work, business, trade or profession of the employer and while the employee is engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. However, an employee, while traveling on the highway in an automobile, is not considered as being in the course of his employment unless (1) he was traveling on the highway pursuant to direction of his employer, and (2) he would have made the trip involved had there been no personal or private affairs to be furthered and would not have made the trip involved had there been no business of his employer to be furthered."

The court of civil appeals has held that the evidence "was sufficient, and not against the great weight and preponderance of the evidence, to support a finding that the Davises were directed in the course of their employment to proceed from one point to another." However, it held that there was no evidence to satisfy "the latter part of Section 1b regarding the dual purpose of their trip."

Under Section 1b of Art. 8309 if the travel is in furtherance of the personal affairs of the employee as well as the business of the employer, the employee is not considered in the course of his employment unless there would have been no trip but for the employer's mission and unless the trip would have been made in the absence of a personal mission. It was said in Johnson v. Pacific Employers Indemnity Co., 439 S.W.2d 824 (Tex.Sup.1969), that the word "furtherance" here "connotes the conferring of a benefit on the employee by helping to forward or advance his personal or private affairs."

■ To justify the judgment of the court of civil appeals, we must first hold that the record conclusively establishes that the Davises furthered their private affairs in the course of the overnight trip. Then we must hold that it is conclusively established that the private purpose was a motivating cause of their going. The testimony of plaintiffs, which the jury was entitled to believe, was to the contrary.

James Davis said that they left Austin to get these supplies and return that same night or early the next morning. He said that his reason in going was to do the driving on the late night return trip.

**104**

However, they decided against an immediate return when they learned in Houston that the supplies were being sent by another means. James Davis and his wife then spent the night in their apartment. Bernice Davis said that her husband came to their daughter's home between 8 and 8:30 p. m., ate a bowl of cobbler, went to bed at 10 o'clock, and kissed her goodbye the next morning at 5 or 5:30. There is probative evidence to support a jury finding that if a private affair was furthered the Davises would have made the trip without that affair and would not have made the trip had there been no business of the employer to be furthered.

In Jecker v. Western Alliance Insurance Co., 369 S.W.2d 776 (Tex.Sup.1963), in the course of his trip the workman had visited with relatives of his wife and had stopped off at the recreation club for beer and pool. In reversing and remanding to the court of civil appeals, this court said: "But the evidence is far from conclusive that visiting his wife's relatives and visiting the recreation club were the main or even motivating factors in the making of the trip." The evidence, if any, in the present case is less conclusive.

We have considered the other points before the court of civil appeals, and none of these contentions would justify an affirmance of the judgment of that court. By cross-point the insurance company complains because the trial court admitted testimony of statements by Louis Davis to his wife and son, on Friday and Saturday prior to the accident, relative to his plans to stay in Austin that weekend. This testimony was proper to show the state of mind of Louis Davis at the moment of speaking as bearing on his plans for a trip to Houston. *Great American Indem. Co. v. Elledge,* 159 Tex. 288, 320 S.W.2d 328 (1959); *Liberty Mutual Ins. Co. v. Preston,* 399 S.W.2d 367 (Tex.Civ.App.1966, writ ref'd n. r. e.).

The judgment of the court of civil appeals is reversed. Since that court expressly reserved its decision upon one of the assignments that the finding of the jury was against the great weight and preponderance of the evidence, a factual issue over which we have no jurisdiction, the cause is remanded to the court of civil appeals.

DENTON and DANIEL, JJ., not sitting.