**UNITED STATES FIDELITY & GUAR-ANTY COMPANY, Appellant,**

v.

**Ruth HARRIS, as Guardian of the Estate of Candy Stovall, a minor, Appellee.**

**No. 666.**

Court of Civil Appeals of Texas, Tyler.

Dec. 28, 1972.

Rehearing Denied Jan. 18, 1973.

Kenley, Boyland, Hawthorn, Starr & Coghlan, Herbert Boyland, Longview, for appellant.

Smead, Roberts, Harbour, Smith, Harris & French, John M. Smith, Longview, for appellee.

DUNAGAN, Chief Justice.

This is a suit for benefits under the Workmen's Compensation Act of the State of Texas brought in the District Court of Gregg County, Texas, by the appellant, United States Fidelity & Guaranty Compa-ny, against Tom D. Harris, Candy Stovall, and Ruth Harris, Individually and as Guardian of the Estate of Candy Stovall. The defendants filed their answer thereto and cross-action against United States Fidelity & Guaranty Company for the workmen's compensation benefits to which it is alleged that Candy Stovall is legally entitled to receive under the workmen's compensation law of this state by virtue of the death of her mother, Mary Lou Stovall. The suit arises from fatal injuries received by Mary Lou Stovall, the mother of Candy Stovall, on December 15, 1970.

The trial court overruled plaintiff and cross-defendant, United States Fidelity & Guaranty Company's motion for instructed verdict and motion for judgment notwithstanding the jury verdict and rendered judgment for the defendant and cross-plaintiff, Ruth Harris as guardian of the estate of Candy Stovall, a minor, on the sole finding of the jury that the injuries to Mary Lou Stovall were received in the course of her employment. From this judgment appellant has appealed.

Appellant asserts that (1) the jury's finding that the fatal injuries causing the death of Mary Lou Stovall were sustained in the course of her employment with Roy H. Laird Country Club was not supported by any evidence of probative value, (2) the undisputed evidence established, as a matter of law, that the fatal injuries were not sustained in the course of Mary Lou Stovall's employment with Roy H. Laird Country Club, and (3) the evidence was insufficient to support such finding of the jury and such finding was contrary to the overwhelming preponderance of the evidence.

Mary Lou Stovall was an employee of Roy H. Laird Country Club in Kilgore, Texas. Appellant's contention is that her injuries were not received while she was in the course of her employment for the country club. Appellee's contention is that she was in the course of her employment

when she received the fatal injuries and that the evidence is sufficient to support the jury finding to that effect.

The only issue submitted to the jury inquired as to whether the fatal injuries causing the death of Mary Lou Stovall on December 15, 1970, were sustained in the course of her employment for the Laird Country Club.

Therefore, the sole question presented to this court for its determination is one of the sufficiency of the evidence to support the finding of the jury that her injuries were sustained in the course of her employment.

■ Appellant's statement in its point of error number four that the evidence is "insufficient" to support the finding of the jury presents an ambiguity because it can mean that the evidence is legally insufficient or the evidence is factually insufficient to support the finding. An assertion that the evidence is legally insufficient means there is no evidence of probative force to support the finding in question. The assertion that the evidence is factually insufficient means that the evidence supporting the finding is so weak that the finding should be set aside and a new trial ordered. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup., 1965). Each one presents a different question to and guide line for the appellate courts to follow in properly considering the point of error. Owens v. Rogers, 446 S.W.2d 865 (Tex.Sup., 1969); Garza v. Alviar, supra.

In view of the fact that appellant asserts in its point of error number one that there is "no evidence" of probative value to support the finding of the jury, we assume that the appellant by its insufficient point of error is asserting that the evidence is factually insufficient to support the jury finding.

■ When the assignment is that there is no evidence, the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957). When the contention is made that the evidence is factually insufficient to support the jury findings, or the findings are against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Mrs. Stovall was an employee of Roy H. Laird Country Club in Kilgore, Texas, at the time of the accident and had been for a long time prior thereto but she resided in Longview, Texas. She received fatal injuries in an automobile collision on December 15, 1970, while on her way to work. She was the supervisor of the 19th Hole which is the bar and grill for golfers in the country club. She was the only employee of that facility and her duties included doing everything that was supposed to be done. She was employed as supervisor by Martha Austin who was manager of the country club.

Mrs. Austin testified that as a part of the employment contract with Mrs. Stovall, since she was the only employee of the 19th Hole, that once she reported to work she could not leave the premises, if she did she would be discharged, except on very seldom occasions when Mrs. Austin could relieve her. Since Mrs. Stovall was the only employee of the 19th Hole, under her employment contract she was required to do the planning of the various menus. In planning the menus there would be certain supplies that were needed which could not be delivered and Mrs. Stovall was required to personally pick up those supplies in her own automobile and deliver them to the country club. It is also shown by Mrs.

Austin's testimony that the 19th Hole opened around 11:00 o'clock a. m. and there was no one to relieve Mrs. Stovall until 5:00 p. m. at which time Mrs. Austin normally came to work, and since Mrs. Stovall could not report for duty and then leave to go shopping for her supplies without losing her job, it was necessary for her to pick up those certain supplies on her way to work.

There were particular supplies which were available in Longview, Texas, but were not available in Kilgore, Texas. When the menus or the inventory required items such as these, plus other items which Mrs. Stovall could personally select better than having them delivered without personal inspection and selection, Mrs. Stovall was required to pick up these particular supplies in her automobile and transport them to the country club and she was paid for the time spent in selecting those supplies and in picking up those supplies in Longview that she was bringing to Kilgore. Mrs. Stovall was paid on an hourly basis and she was paid on such basis for the period of time that it took her to purchase those supplies. Mrs. Stovall was not paid for the time it took her to transport the supplies from Longview to Kilgore. She did not have a car allowance and was not reimbursed for gasoline used in picking up club supplies. The club did not carry insurance on her automobile.

On December 15, 1970, the day of the fatal accident, Mrs. Stovall was in the process of preparing for the annual Christmas party of the Ladies Golf Association of the Laird Country Club. She and Mrs. Austin a few days before had discussed the menus to be served for such Christmas function of the Ladies Golf Association.

On the morning of the accident, Mrs. Stovall purchased in Longview three bottles of champagne which were to be used at a country club party the following day.

On December 15, 1970, Mary Lou Stovall, while driving her own personal automobile on a highway between Longview and Kilgore and while her car was loaded with rock cornish game hens, three bottles of champagne, can goods, table napkins, table decorations and some congealed salad which had been prepared for the luncheon all to be used for the party at the 19th Hole, was involved in an automobile accident and died as a result thereof. With the exception of some napkins, which had been purchased over a week prior to the accident and the three bottles of champagne, the record is silent as to when the other items were procured.

It was necessary for Mrs. Stovall to travel the highway from Longview to Kilgore to get to work. She took the same route when she was not carrying supplies as she took when she was carrying supplies.

It was necessary for Mrs. Stovall to travel the highway from Longview to Kilgore to get to her work at the Laird Country Club. At the time of the accident she was driving her automobile on the highway to her work in Kilgore and was traveling the same route at the time of the accident she would have traveled if she had not picked up the supplies.

■ As a general rule an injury received while using the public streets and highways in going to or returning from the place of employment is not compensable because it is not incurred in the "course of employment" as required by Section 1 of Article 8309, Vernon's Ann. Civ.St. Janak v. Texas Employers' Insurance Association, 381 S.W.2d 176 (Tex. Sup., 1964). The rationale of the rule is that such an injury is usually suffered as a consequence of risks and hazards to which all members of the traveling public are subject rather than risks and hazards having to do with and originating in the work or business of the employer. Texas General Indemnity Company v. Bottom, 365 S. W.2d 350 (Tex.Sup., 1963). There are, however, exceptions to the general rule and it has been held that injuries received while going to or returning from work

have been held to be compensable where the means of transportation was furnished, or the employee was reimbursed for his travel expenses by the employer as a part of his contract of employment or where the employee had undertaken a special mission at his employer's direction or performed a service in furtherance of the employer's business with the express or implied approval of his employer. American General Insurance v. Coleman, 157 Tex. 377, 303 S.W.2d 370 (1957); Texas Employers' Insurance Association v. Clauder, 431 S.W.2d 579 (Tex.Civ.App., Tyler, 1968, n. r. e.).

In Texas General Indemnity Company v. Bottom, supra, the Supreme Court, in construing the effect of Section 1b, Article 8309, held that by its enactment, the Legislature intended to circumscribe the probative effect that might be given to the means of transportation or the purpose of the journey rather than to enlarge the definition found in Section 1 of the Article. Accordingly, if the claimant brought himself within the provisions of Section 1b, it was still necessary for him to show (a) that the injuries were of a kind and character that had to do with and originated in the work, business, trade or profession of his employer and (b) were received while he was engaged in or about the furtherance of the affairs or business of the employer. See also Janak v. Texas Employers' Insurance Association, supra; Jecker v. Western Alliance Insurance Company, 369 S.W.2d 776 (Tex.Sup., 1963).

Under the first part of Section 1b of Article 8309, injuries during travel are deemed to be in the course of employment and, therefore, compensable *only* when transportation is (1) furnished as a part of the contract of employment or (2) is paid for by the employer or (3) is under the control of the employer or (4) when the employee is directed in his employment to proceed from one place to another place. Janak v. Texas Employers' Insurance Association, supra; Meyer v. Western Fire

Insurance Company, 425 S.W.2d 628 (Tex.Sup., 1968). Under the facts established in the case at bar, the evidence is undisputed that the transportation was neither furnished nor paid for by the employer as part of Mrs. Stovall's contract of employment. There is no evidence that the employer exercised any control over Mrs. Stovall's transportation or directed her to make the journey which resulted in the fatal injuries. Regardless of whether Mrs. Stovall picked up champagne or had her employer's supplies in her car at the time of the accident, it was necessary and customary for her to travel upon the highway from Longview to Kilgore to get to her work. She was on her regular route to work. This, of course, pertained to her own personal and private affairs so that the second part, the "dual purpose rule," of Section 1b, Article 8309 becomes applicable in order to determine whether her death is compensable under the Act. Under the dual purpose rule injuries occurring during travel for the dual purpose of furthering the affairs or business of the employer and of furthering the employee's personal or private affairs is not to be deemed in the course of employment and, therefore, compensable unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by the trip. Davis v. Argonaut Insurance Company, 464 S.W.2d 102 (Tex.Sup., 1971).

It is without dispute that the accident in which Mrs. Stovall received fatal injuries occurred at a place on the highway that was on her regular and usual route to work and it appears indisputably that she would have made this trip even if she had not purchased the champagne or had not been transporting any other supplies. The record fails to show any evidence that she would have made the trip if she had not been on her way to work. In

short, there is no evidence that Mrs. Stovall would not have made this same trip had there been no affairs or business of the employer to be furthered by the trip. It follows that appellees failed to prove Mrs. Stovall's death to be compensable under the "dual purpose rule" of Section 1b of Article 8309.

Agricultural Insurance Company v. Dryden, 398 S.W.2d 745 (Tex.Sup., 1965) is a closely analogous case. Dryden was employed as the pusher of a carpenter crew and when directed to do so was required as one of his duties to transport in his personal automobile from the work site to home to work site certain power tools owned by the employer. It was necessary for Dryden to arrive at the work site 15 or 20 minutes earlier in order to have the tools unloaded and ready for use by the carpenters at the time for them to commence work. At the time of the accident he was transporting the tools and had left his home a few minutes earlier. He traversed the route he would have used had he not been required to transport the tools. The Court, in denying compensation to Dryden, held that an injury occurring during transportation cannot be the basis of a claim that such was sustained in the course of employment within the meaning of Section 1 of Article 8309 unless one of the prerequisites enumerated in the first sentence of Section 1b is present. The Court emphasized that all of Dryden's travel was going to and from work and that his subjection to the traffic hazards while so traveling was not the result of or caused by any direction of the employer that he proceed from one place to another.

We have not discussed appellant's points 4 and 5 relating to the insufficiency of the evidence to support the jury's finding or the point asserting that the jury's finding was contrary to the overwhelming preponderance of the evidence. If these points should be reached, we would hold that the evidence is insufficient to support such a finding and that the jury's finding is contrary to the overwhelming preponderance of the evidence.

It is our opinion that the trial court erred in overruling appellant's Motion for Directed Verdict and its Motion for Judgment. Accordingly, the Judgment of the trial court is reversed and Judgment is rendered for the appellant.

Reversed and rendered.