**CALLISBURG INDEPENDENT
SCHOOL DISTRICT,
Appellant,**

v.

**Wilfred Lee FAVORS, Appellee.**

No. 2–85–002–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 22, 1985.

Henderson, Bryant & Wolfe, Richard Harrison, Sherman, for appellant.

Sullivant, Meurer & Woodlock, Wm. B. Sullivant and Belvin R. Harris, Gainesville, for appellee.

Before FENDER, C.J., and ASHWORTH and JORDAN (sitting for JOE SPUR-LOCK, II), JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal of an award of workers' compensation benefits made to appellee, Wilfred Favors. Favors' wife, Erma, was fatally injured in an automobile collision while riding between her home and the school where she was teaching a home economics summer school program. At the first trial on the merits, judgment was rendered on a jury verdict adverse to appellee. The trial court granted a motion for new trial and after a second trial, the jury returned a verdict favorable to appellee. It is this verdict which appellant School District has appealed in thirteen points of error.

We reverse and render.

Appellant's first three points of error complain that it was entitled to judgment because as a matter of law Erma Favors was not within the course and scope of her employment when she was killed. Therefore, it argues that the trial court erred in: 1) failing to grant appellant's motion for instructed verdict; 2) submitting Special Issue No. 1 to the jury; and 3) overruling appellants motion for judgment notwithstanding the verdict. These are essentially "no evidence" points.

■ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See International Armament Corporation v. King*, 686 S.W.2d 595, 597 (Tex.1985); *Stodghill v. Texas Employers Insurance Association*, 582 S.W.2d 102, 103 (Tex. 1979); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.*, 636 S.W.2d 530, 531 (Tex.App.—San Antonio 1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960).

■ Under TEX.R.CIV.P. 434, when we sustain a "no evidence" point, it is generally our duty to render judgment for the appellant because that is the judgment the trial court should have rendered. *See National Life and Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969).

The facts are not in dispute. On the morning of June 12, 1980, Mrs. Favors arose in time to prepare certain foods for use in her homemaking class. Her assistant, Tula Hickerson, picked Mrs. Favors up at her home in Gainesville. Mrs. Hickerson was employed by the local electrical co-op which paid her salary and provided her a company car. The two women stopped a short distance from Mrs. Favor's home to buy ice for use in their projects for that day and the next. The store was on their normal route to the school in Callisburg, where Mrs. Favors was employed. Approximately one mile from Callisburg, they were involved in the collision which proved to be fatal to Mrs. Favors.

It is undisputed that the School District did not direct the route Mrs. Favors was to use in commuting to and from work each day. Summer school schedules were so

flexible that Mrs. Favors was allowed to set her own schedules as to when she arrived at work and when she left. She was not reimbursed for her mileage or other traveling expenses.

 The general rule is that an injury occurring while using the public streets and highways en route to the place of employment is not compensible because it is not incurred in the "course of employment" as required by sec. 1 of art. 8309 TEX.REV.CIV.STAT.ANN. (Vernon 1967). *See Janak v. Texas Employers Ins. Association*, 381 S.W.2d 176, 178 (Tex.1964). It has been held as an exception to the general rule that such travel may be compensible:

> where the means of transportation was furnished, or the employee was reimbursed for his travel expenses by the employer as a part of his contract of employment or where the employee has undertaken a special mission at his employer's direction or performed a service in furtherance of the employer's business with the express or implied approval of his employer. *American General Insurance v. Coleman*, 157 Tex. 377, 303 S.W.2d 370 (1957) ...

*United States Fidelity & Guaranty Company v. Harris*, 489 S.W.2d 312, 316 (Tex. Civ.App.—Tyler 1972, writ ref'd n.r.e.).

 We find this case to be strikingly similar to the *Harris* case, cited above. In *Harris*, Mrs. Stovall was killed driving to work between her home in Longview and the country club in Kilgore where she was employed as supervisor of a bar and grill. *Id.* at 314. Mrs. Stovall was responsible, among other things for planning menus and purchasing certain supplies. *Id.* On the morning of her accident, she purchased several bottles of champagne to be used at a ladies Christmas party the next day. Also in her car at the time of the collision were canned goods, table napkins, Rock Cornish game hens and other items purchased or prepared for the Christmas party she was responsible for organizing. *Id.* at 315. Mrs. Stovall was taking the same route she took to work whether she was ferrying supplies or not. *Id.* The Tyler Court of Appeals held that there was no evidence Mrs. Stovall was within the course and scope of her employment when she was killed. *Id.* at 317. As with Mrs. Favors in the case at bar, Mrs. Stovall was on her regular and usual route to work. Both women would have been making those same trips even if they had not purchased and taken supplies. There is no evidence Mrs. Favors would not have made the trip had she not been carrying the ice and fruits. Appellee thus failed to prove Mrs. Favors' death is compensible under sec. 1 or 1(b) of Article 8309. *Id.* at 317. *See also Agricultural Insurance Company v. Dryden*, 398 S.W.2d 745 (Tex.1965).

It is our opinion that the trial court erred in overruling appellant's motion for instructed verdict and motion for judgment n.o.v. Therefore, we sustain appellant's first three points of error. Because of our holding on appellant's first three points of error, we need not address its remaining ten points.

Accordingly, the judgment of the trial court is reversed and judgment is rendered for appellant.